UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- against -<br><br>KALEIL ISAZA TUZMAN, et al.,<br><br>            Defendants. | No.  15-CR-536 (PGG)<br><br>ECF CASE |

**DECLARATION OF HAROLD K. GORDON IN SUPPORT OF
NON-PARTY JONES DAY'S OPPOSITION TO DEFENDANT KALEIL ISAZA
TUZMAN'S LETTER-MOTION REQUESTING ISSUANCE OF A SUBPOENA**

I, Harold K. Gordon, an attorney admitted to practice before this Court, hereby declare and state as follows under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.      I am a partner at the law firm Jones Day, and I am one of the attorneys representing non-party Jones Day in the above-captioned matter.

2.      I submit this declaration in support of Jones Day's opposition to defendant Kaleil Isaza Tuzman's letter-motion, dated July 28, 2017, requesting the issuance of a subpoena to Jones Day.  (See Dkt. #340.)

3.      In or around February 2012, KIT Digital, Inc. ("KIT") retained Jones Day as outside counsel to provide legal advice in connection with an investigation by the Staff of the Securities and Exchange Commission ("SEC") concerning a series of stock transactions that involved defendant Kaleil Isaza Tuzman.

4.      In or around August 2012, the audit committee of the board of directors of KIT retained Jones Day as outside counsel to conduct an internal investigation of KIT and provide

legal advice based on the information learned during the internal investigation.

5. In or around August 2012, Jones Day retained Alvarez & Marsal Disputes and Investigations, LLC ("A&M"), a financial expert, to assist Jones Day with providing legal advice in connection with the internal investigation. A true and correct copy of the engagement letter between Jones Day and A&M, dated August 16, 2012, which has been redacted for privilege, is attached as Exhibit A.

6. Jones Day's internal investigation uncovered accounting irregularities and evidence of misconduct at KIT, which KIT publicly disclosed in a November 2012 Form 8-K filing.

7. On or around December 6, 2012, Jones Day met with the SEC to discuss accounting irregularities and evidence of misconduct uncovered during the internal investigation. KIT initiated this meeting with the SEC and cooperated with the SEC's subsequent investigation of the disclosed accounting irregularities and misconduct.

8. During the course of the internal investigation, Jones Day lawyers drafted documents reflecting attorney work product, attorney analysis, confidential client communications, and legal advice. A small subset of those lawyer-generated documents, consisting of certain interview memoranda, were produced to the SEC as part of KIT's cooperation with the SEC's investigation.

9. These memoranda were produced to the SEC pursuant to a cover letter, dated November 22, 2013, and a written confidentiality agreement, dated April 25, 2012 (the "Confidentiality Agreement"), both of which explicitly preserved the applicability of the attorney-client privilege and work product doctrine. A true and correct copy of the cover letter producing the memoranda to the SEC is attached as Exhibit B. A true and correct copy of the

Confidentiality Agreement is attached as Exhibit C.

10. I understand that the government has produced to the defendant most, if not all, of the small subset of lawyer-generated documents Jones Day previously produced to the SEC.

11. In or around 2013, KIT emerged from bankruptcy and reorganized itself as Piksel, Inc. ("Piksel"). Piksel has asserted its attorney-client privilege over documents generated in connection with the internal investigation, including documents that would be responsive to the subpoena proposed by defendant Kaleil Isaza Tuzman.

12. In addition, documents that would be responsive to the proposed subpoena contain attorney mental impressions, conclusions, opinions, and legal theories. These documents, generated by Jones Day attorneys and their agents, constitute attorney work-product.

13. On or around May 10, 2017, defendant Kaleil Isaza Tuzman served a civil subpoena on Jones Day, pursuant to Fed. R. Civ. P. 45, seeking substantially the same categories of documents from Jones Day in <u>SEC v. Tuzman</u>, No. 15 CV 7057 (AJN) (S.D.N.Y.).

14. In support of this subpoena, defendant Kaleil Isaza Tuzman submitted a letter to the court requesting a pre-motion conference regarding a motion to compel against non-party Jones Day. A true and correct copy of this letter, dated July 12, 2017, is attached as Exhibit D.

15. During a July 20, 2017 conference in <u>SEC v. Tuzman</u>, the court expressed its concern that a similar civil subpoena served on law firm Parker Poe Adams & Bernstein LLP was "being utilized in a way to circumvent what should be litigated or otherwise addressed in the criminal case." A true and correct copy of the transcript of this conference is attached as Exhibit E.

16. Shortly after the July 20, 2017 conference, counsel for defendant Kaleil Isaza Tuzman contacted Jones Day and withdrew the Fed. R. Civ. P. 45 subpoena.

Executed at:  New York, New York
              August 11, 2017            _/s/ Harold K. Gordon_____
                                         HAROLD K. GORDON

## **CERTIFICATE OF SERVICE**

     I certify that on August 11, 2017, the foregoing DECLARATION OF HAROLD K. GORDON IN SUPPORT OF NON-PARTY JONES DAY'S OPPOSITION TO DEFENDANT KALEIL ISAZA TUZMAN'S LETTER-MOTION REQUESTING ISSUANCE OF A SUBPOENA, dated August 11, 2017, was served simultaneously with filing by the Court's Electronic Case Filing system upon all counsel of record.

Dated:  New York, New York
         August 11, 2017

                                              *Harold K. Gordon*
                                              Harold K. Gordon