UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>KALEIL ISAZA TUZMAN and<br>OMAR AMANAT<br><br>Defendants. | S8 15 Cr. 536 (PGG) |

**<u>DEFENDANT KALEIL ISAZA TUZMAN'S PROPOSED JURY INSTRUCTIONS</u>**

# TABLE OF CONTENTS

**Page**

REQUEST NO. 1:  INTRODUCTION (PRELIMINARY INSTRUCTION PRIOR TO OPENING STATEMENTS) ............................................................................. 2

REQUEST NO. 2:  CONTACT WITH OTHERS (PRELIMINARY INSTRUCTION PRIOR TO OPENING STATEMENTS) ............................................................ 6

REQUEST NO. 3:  NOTE-TAKING BY JURY (PRELIMINARY INSTRUCTION PRIOR TO OPENING STATEMENTS) ............................................................ 8

REQUEST NO. 4:  MULTIPLE DEFENDANTS CHARGED WITH DIFFERENT OFFENSES (PRELIMINARY INSTRUCTION PRIOR TO OPENING STATEMENTS) ................................................................................................ 9

REQUEST NO. 5:  NATURE OF THE INDICTMENT (PRELIMINARY INSTRUCTION PRIOR TO OPENING STATEMENTS) ............................ 10

REQUEST NO. 6:  SUMMARY OF THE CHARGES (PRELIMINARY INSTRUCTION PRIOR TO OPENING STATEMENTS) ............................ 11

REQUEST NO. 7:  WHAT IS/IS NOT EVIDENCE (PRELIMINARY INSTRUCTION PRIOR TO OPENING STATEMENTS) ........................................................ 13

REQUEST NO. 8:  PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT (PRELIMINARY INSTRUCTION PRIOR TO OPENING STATEMENTS) .................................................................. 16

REQUEST NO. 9:  INTRODUCTION ......................................................................... 18

REQUEST NO. 10:  ROLE OF THE COURT ............................................................. 19

REQUEST NO. 11:  ROLE OF THE JURY ................................................................ 20

REQUEST NO. 12:  ROLE OF COUNSEL .................................................................. 21

REQUEST NO 13:  THE GOVERNMENT AS A PARTY ......................................... 22

REQUEST NO. 14:  SYMPATHY OR BIAS .............................................................. 23

REQUEST NO. 15:  ALL PERSONS EQUAL BEFORE THE LAW ........................ 25

REQUEST NO. 16:  PRESUMPTION OF INNOCENCE ........................................... 26

REQUEST NO. 17:  REASONABLE DOUBT STANDARD ...................................... 27

REQUEST NO. 18:  WITNESS CREDIBILITY ........................................................ 29

## TABLE OF CONTENTS

Page

REQUEST NO. 19:  PRIOR INCONSISTENT STATEMENTS ................................................. 31

REQUEST NO. 20:  SPECIAL INVESTIGATIVE TECHNIQUES NOT REQUIRED ........... 32

REQUEST NO. 21:  IMPERMISSIBLE TO INFER PARTICIPATION FROM
ASSOCIATION ............................................................................................. 33

REQUEST NO. 22:  ACCOMPLICES CALLED BY THE GOVERNMENT........................... 34

REQUEST NO. 23:  CO-DEFENDANT GUILTY PLEA NOT EVIDENCE............................ 36

REQUEST NO. 24:  EFFECT OF TESTIFYING CO-DEFENDANT'S PLEA
AGREEMENT ............................................................................................... 37

REQUEST NO. 25:  MULTIPLE COUNTS & MULTIPLE DEFENDANTS........................... 38

REQUEST NO. 26:  FAILURE TO NAME A DEFENDANT.................................................... 39

REQUEST NO. 27:  HIGH POSITION – CANNOT ASSUME GUILT OR
KNOWLEDGE; ENTITLEMENT TO DELEGATE AND RELY ................ 40

REQUEST NO. 28:  INFERENCES; VOLUME OF EVIDENCE; CONTEXT. ....................... 42

REQUEST NO. 29:  GOOD FAITH ............................................................................................ 44

REQUEST NO. 30:  SUMMARY OF THE CHARGES .............................................................. 46

REQUEST NO. 31:  COUNTS FOUR & SIX:  CONSPIRACY TO VIOLATE
SECURITIES LAWS—STATUTE ................................................................. 48

REQUEST NO. 32:  COUNTS FOUR & SIX:  CONSPIRACY TO VIOLATE
SECURITIES LAWS—ELEMENTS OF CONSPIRACY.............................. 49

REQUEST NO. 33:  COUNTS FOUR AND SIX:  CONSPIRACY TO VIOLATE
SECURITIES LAWS—EXISTENCE OF AN UNLAWFUL
AGREEMENT ............................................................................................... 50

REQUEST NO. 34:  COUNTS FOUR & SIX:  CONSPIRACY TO VIOLATE
SECURITIES LAWS—KNOWING AND WILLFUL MEMBERSHIP
IN THE CONSPIRACY.................................................................................. 52

REQUEST NO. 35:  COUNTS FOUR & SIX:  CONSPIRACY TO VIOLATE
SECURITIES LAWS—COMMISSION OF AN OVERT ACT ..................... 56

REQUEST NO. 36:  COUNT FOUR:  CONSPIRACY TO COMMIT SECURITIES
FRAUD & MARKET MANIPULATION—OVERT ACTS
CHARGED..................................................................................................... 58

## TABLE OF CONTENTS

Page

REQUEST NO. 37:  COUNT FOUR:  CONSPIRACY TO COMMIT SECURITIES
FRAUD & MARKET MANIPULATION—OBJECT OF THE
CONSPIRACY ................................................................... 59

REQUEST NO. 38:  COUNT FOUR:  STATUTE OF LIMITATIONS ..................................... 69

REQUEST NO. 39:  COUNT SIX – CONSPIRACY TO VIOLATE SECURITIES
LAWS—NATURE OF THE OFFENSE CHARGED .................................... 71

REQUEST NO. 40:  COUNT SIX:  CONSPIRACY TO VIOLATE SECURITIES
LAWS—ELEMENTS OF THE OFFENSE ...................................... 72

REQUEST NO. 41:  COUNT SIX:  CONSPIRACY TO VIOLATE SECURITIES
LAWS—OVERT ACTS CHARGED ................................................ 73

REQUEST NO. 42:  COUNT SIX:  CONSPIRACY TO VIOLATE SECURITIES
LAWS—OBJECTS OF THE CONSPIRACY ............................... 76

REQUEST NO. 43:  COUNT SIX:  MULTIPLE CONSPIRACIES ......................................... 77

REQUEST NO. 44:  COUNT SIX:  CONSPIRACY TO VIOLATE SECURITIES
LAWS—FIRST OBJECT, SECURITIES FRAUD ......................................... 79

REQUEST NO. 45:  COUNT SIX:  CONSPIRACY TO VIOLATE SECURITIES
LAWS—SECOND OBJECT, FALSE STATEMENTS TO THE
SECURITIES & EXCHANGE COMMISSION ............................................... 80

REQUEST NO. 46:  COUNT SIX:  CONSPIRACY TO VIOLATE SECURITIES
LAWS—THIRD OBJECT, FALSE STATEMENTS TO AUDITORS .......... 85

REQUEST NO. 47:  COUNT SIX:  STANDARDS UNCLEAR ................................................. 88

REQUEST NO. 48:  COUNT FIVE:  CONSPIRACY TO COMMIT WIRE FRAUD—
NATURE OF THE OFFENSE CHARGED ................................................... 89

REQUEST NO. 49:  COUNT FIVE:  CONSPIRACY TO COMMIT WIRE FRAUD—
ELEMENTS OF THE OFFENSE .................................................... 90

REQUEST NO. 50:  COUNT FIVE:  CONSPIRACY TO COMMIT WIRE FRAUD—
EXISTENCE OF THE CONSPIRACY ............................................. 91

REQUEST NO. 51:  COUNT FIVE:  CONSPIRACY TO COMMIT WIRE FRAUD—
KNOWING AND WILLFUL MEMBERSHIP IN THE CONSPIRACY ....... 92

REQUEST NO. 52:  COUNT FIVE:  CONSPIRACY TO COMMIT WIRE FRAUD—
OVERT ACT ................................................................... 94

# TABLE OF CONTENTS

Page

REQUEST NO. 53:  COUNT FIVE:  CONSPIRACY TO COMMIT WIRE FRAUD—
       WIRE FRAUD ........................................................................................ 95

REQUEST NO. 54:  VENUE ................................................................................ 102

REQUEST NO. 55:  WITNESS NOT EQUALLY AVAILABLE TO DEFENDANT ............ 103

REQUEST NO. 56: DEFENDANT'S RIGHT NOT TO TESTIFY ......................................... 104

REQUEST NO. 57: DEFENDANT'S TESTIMONY ................................................ 105

REQUEST NO. 58: EXPERT TESTIMONY ........................................................... 106

REQUEST NO. 59:  DUTY TO DELIBERATE/UNANIMOUS VERDICT ........................... 107

REQUEST NO. 60:  DUTIES OF FOREPERSON ................................................... 109

Kaleil Isaza Tuzman respectfully requests that the Court include the following in its charge to the jury:[1]

---

[1]   Defendant Kaleil Isaza Tuzman reserves the right to modify, supplement, or amend the proposed Requests to Charge in response to the government's proposed Requests to Charge, in response to the case the government presents at trial or in response to any other circumstances that might occur between now and the end of trial.

## <u>REQUEST NO. 1:  INTRODUCTION (PRELIMINARY INSTRUCTION PRIOR TO OPENING STATEMENTS)</u>

This case is now officially on trial and you are the jurors in the case. A preliminary word about your duties and trial procedures. I have already instructed you that the function of the jury is to decide the disputed fact issues in the case.  Obviously, in order to discharge this duty, it is important that you listen carefully to the witnesses as they testify and form no judgment with respect to any witness or the outcome of the case as the trial moves forward.  In short, it is important to keep an open mind throughout the entire trial.

I also usually suggest that it is equally important to observe the witnesses as they testify. The reason for this is that the credibility of most witnesses, if not all, will be an issue.  You will be called upon to appraise the credibility or the truthfulness of a particular witness's testimony. When assessing whether you believe a witness is credible, you may consider:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testifies;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, demeanor, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice, including because the witness has entered an agreement with the government to testify in exchange for a favorable guilty plea or reduced sentence;

(5) Any relation the witness may have with a party in the case and any effect that the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that is different from the witness' testimony in court;

(7) Whether the witness' testimony is consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

As the trial proceeds, you may have impressions of a witness or a subject, but you must not allow these impressions to become fixed or hardened because if you do, in a sense you foreclose consideration of the testimony of other witnesses or other evidence that may come in subsequent to the witness you heard. This would be unfair to one side or the other. A case can be presented only step by step, witness by witness, before the totality of all the evidence is before you.

We know from experience that frequently we will hear a person give a version of an event which sounds most impressive and even compelling, and yet, when we hear another person's version of the same event or even the same witness cross examined with respect to it— what seemed so very compelling and impressive may be completely dissipated or weakened.

I am simply saying or trying to say to you in plain English, remember that usually there may be another side to every story. Thus, it is important to keep an open mind throughout the taking of evidence.

The defendants, their attorneys and the government attorneys are now instructed not to speak to jurors or to speak about the case in your presence. Thus, you should understand that if they fail to acknowledge your presence, if you should see them at times when the court is not in session, they are not impolite or discourteous, but simply following the order of the court.

Now a word about trial procedure. The trial proper will start with what are called opening statements. The attorneys representing the government and the attorneys representing the defendants will, before any evidence is received, appear before you and make opening

statements.  This is a sort of framework or reference as to what the case is about—the issues in

the case—and the attorneys will set forth what they believe—and I underscore the word

believe—the evidence will show.  These statements by the lawyers are made in good faith and on

the basis of their preparation for trial.  But I must caution you now, and probably will again

during the course of the trial, that, however helpful these opening statements may be so that we

can follow the testimony with reference to the issues in the case, they are not a substitute for the

evidence.  The only evidence that you may act upon is that which you will hear from a witness

who will be sworn in your presence, takes an oath to tell the truth, and following questioning on

direct examination, is subject to cross examination, and such documents or exhibits as are

admitted in evidence.

     The totality of the testimony of witnesses and the exhibits constitute the evidence upon

which you will reach a verdict in the case.  So, too, if during the course of the trial a lawyer for

either the government or either defendant should make any statement with reference to a fact

matter, or include a fact reference in a question, or eventually in his summation refers to fact

matters, you will bear in mind that statements by the lawyers are not evidence.  The sole and

only evidence is that to which I have already referred.

     After the opening statements, the government will offer its proof—that is called the

government's direct case.  Upon the conclusion of the government's case, each defendant may

go forward with his case.  If there is any rebuttal, the government will offer rebuttal.  A

defendant is not required to make an opening statement or offer any proof.  As I have already

told you, the defendants have no burden of proof and are presumed to be innocent of the charges.

The sole burden of proof is upon the government, and to sustain its charges it must do so beyond

a reasonable doubt.

Upon the conclusion of all the testimony the lawyers will again address you. This is called a summation and each will urge upon you the arguments that he or she believes supports whatever position he or she advocates. You will, of course, listen attentively to the lawyers.  The determination as to whether or not you accept any argument advanced before you by the prosecution or the defense is entirely up to you.  You make the fact determination.  You may accept such arguments as appeal to you; if not, you may reject them.

Following the lawyers' summation, the court will instruct you as to the law and it is then that you go into the jury room and undertake your fact-finding function.  The ultimate decision in finding the facts, deciding the facts, is yours.  This must be based upon the evidence presented before you.

## AUTHORITY

Adapted from L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 1-1; Third Circuit Pattern Jury Instructions 1-10.

## <u>REQUEST NO. 2:  CONTACT WITH OTHERS (PRELIMINARY INSTRUCTION PRIOR TO OPENING STATEMENTS)</u>

Before we start the trial, let me give you a few "rules of the road."

First, please do not discuss the case with anyone.  This includes discussing the case in person, in writing, by phone or electronic means, via text messaging, e-mail, Facebook, Twitter, blogging or any Internet chat room, web site or other feature.  If you have to tell someone such as your spouse or your employer that you are serving on a jury and that the trial may last as late as [date], that's okay.  But when they inevitably ask you what the case is about, please tell them that you are under strict instructions from the judge not to discuss the case.  The reason for this, obviously, is that we want you to decide this case solely on the evidence presented in this courtroom, and not on the basis of anything anyone who hasn't heard the evidence may think about the case.  If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arises in the case from any outside source, including dictionaries, reference books, or anything on the Internet.  And in the unlikely event you see anything in the media about this case, please turn away and pay it no heed.  Your sworn duty is to decide this case solely and wholly on the evidence presented in this courtroom.

Finally, please do not discuss the case even among yourselves until all the evidence has been presented and the case has been given to you for your deliberations.  The reason for this is that the evidence will be presented one witness and one exhibit at a time, and it is important that you keep an open mind until you have heard all the evidence.

## <u>AUTHORITY</u>

L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 1-2.

## <u>REQUEST NO. 3:  NOTE-TAKING BY JURY (PRELIMINARY INSTRUCTION PRIOR TO OPENING STATEMENTS)</u>

This is going to be a long trial with many details for you to follow and remember during deliberations, so if you want to take notes during the course of the trial, you may do so.  If you do take notes, be sure that your note-taking does not interfere with your listening to and considering all of the evidence.  Also, if you take notes, do not discuss them with anyone before or during your deliberations.  Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror and your notes are not to be shown to any other juror during your deliberations.  If, during your deliberations, you have any doubt as to any of the testimony, you will be permitted to request that the official trial transcript which is being made of these proceedings be read to you.

## <u>AUTHORITY</u>

Adapted from L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 1-3.

## REQUEST NO. 4:  MULTIPLE DEFENDANTS CHARGED WITH DIFFERENT OFFENSES (PRELIMINARY INSTRUCTION PRIOR TO OPENING STATEMENTS)

Omar Amanat and Kaleil Isaza Tuzman are charged with different offenses.  I will explain to you in more detail shortly which defendants are charged with which offenses.  Before I do that, however, I want to emphasize several things.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way.  Also, in our system of justice, guilt or innocence is personal and individual.  You must separately consider the evidence against each defendant on each offense charged, even if the government has charged them together for a particular charge, and you must return a separate verdict for each defendant for each offense.

For each defendant and each offense, you must decide whether the government has proved beyond a reasonable doubt that a particular defendant is guilty of a particular offense.

Your decision on any one defendant or any one offense, whether guilty or not guilty, should not influence your decision on any of the other defendants or offenses.  Each defendant and each offense should be considered separately, and your verdict as to each defendant must be unanimous.

## AUTHORITY

Third Circuit Pattern Jury Instructions 1.17.

## <u>REQUEST NO. 5:  NATURE OF THE INDICTMENT (PRELIMINARY INSTRUCTION PRIOR TO OPENING STATEMENTS)</u>

The government has charged Kaleil Isaza Tuzman with violating federal law, specifically conspiracy to commit market manipulation, conspiracy to commit wire fraud, and conspiracy to commit securities fraud, to make false statements in filings before the Securities & Exchange Commission, and to make false statements to auditors.  The charges against Mr. Isaza Tuzman are contained in the indictment.  An indictment is just the formal way of specifying the exact crimes a defendant is accused of committing.  An indictment is simply a description of the charges against a defendant.  It is an accusation only.  An indictment is not evidence of anything, and you should not give any weight to the fact that Mr. Isaza Tuzman has been indicted in making your decision in this case.

## <u>AUTHORITY</u>

Third Circuit Pattern Jury Instructions 1.12.

### REQUEST NO. 6:  SUMMARY OF THE CHARGES (PRELIMINARY INSTRUCTION PRIOR TO OPENING STATEMENTS)

The indictment in this case contains six "counts," and Mr. Isaza Tuzman is charged in only three of those counts, Count 4, Count 5, and Count 6.

Count 4 charges that Mr. Isaza Tuzman conspired with Omar Amant to commit market manipulation, which is a type of securities fraud.  The government alleges that, from 2008 through September 2011, Mr. Isaza Tuzman, Omar Amanat, Stephen Maiden, and others, agreed to manipulate the stock price and trading volume of KIT Digital by having Maiden make purchases of KIT Digital.

Count 5 charges Mr. Isaza Tuzman with conspiracy to commit wire fraud.  The government alleges that, from March 2009 through March 2011, Mr. Isaza Tuzman and others agreed to mislead KIT Digital's shareholders regarding the nature of a $1.5 million investment in Maiden's fund.  The Indictment alleges that Mr. Isaza Tuzman and Maiden attempted to conceal from KIT Digital's board of directors and accountants that Maiden's fund did not have the money to honor redemption requests by KIT Digital.

Count 6 charges Mr. Isaza Tuzman with a conspiracy to commit three separate offenses: to commit securities fraud, to make misleading statements to KIT Digital's auditors, and to cause false statements to be made in filings before the SEC.  On this count, the government charges Mr. Isaza Tuzman with conspiring with others to violate each of these laws in the context of the following transactions:

1.      The recognition of revenue from a contract with a company called The Country Network.

2.      The recognition of revenue from a contract with a company called Totalmovie.

3.      The recognition of revenue from a contract with a company called Iusacell.

11

4.      The use of a restructuring fee in a December 2011 transaction with a company called Sezmi.[2]

Under Count 6, the government has also charged Mr. Isaza Tuzman with conspiring to make false statements to KIT Digital's auditors in connection with KIT Digital's investment in the Enable fund run by Omar Amanat and Irfan Amanat.  In connection with this particular factual allegation, the government has not charged Mr. Isaza Tuzman with conspiracy to commit securities fraud or with conspiracy to make false statements in filings to the SEC.

**AUTHORITY**

S8 Indictment; May 1, 2017 Bill of Particulars.

---

[2]  The government has identified other transactions that it wishes to charge under Count Six.  Mr. Isaza Tuzman currently has pending motions to dismiss portions of the indictment that pertain to those additional charges as a violation of the Rule of Specialty, and also as a violation of the government's obligation to limit its case to the bill of particulars it served on May 1, 2017.  Mr. Isaza Tuzman reserves all rights to request additional instructions pertaining to those transactions.

## REQUEST NO. 7:  WHAT IS/IS NOT EVIDENCE (PRELIMINARY INSTRUCTION PRIOR TO OPENING STATEMENTS)

You must make your decision in this case based only on the evidence that you see and hear in the courtroom.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that is stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) Statements and arguments of the lawyers for the parties in this case;

(2) Questions by the lawyers and questions that I might ask. You must not assume that a fact is true just because one of the lawyers or I ask a question about it.  It is the witness' answers that are evidence.  Of course, you may need to consider the question to know what a witness means by his or her answer.  For example, if a witness answers yes to a question, you will have to consider the question to understand what the witness is saying.

(3) Objections by lawyers, including objections in which the lawyers state facts;

(4) Any testimony I strike or tell you to disregard; and

(5) Anything you may see or hear about this case outside the courtroom.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience and common sense tell you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

13

The rules of evidence control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  An objection simply means that the lawyer is asking me to decide whether the evidence should be allowed under the rules.  Lawyers have a responsibility to their clients to make objections when they think evidence being offered is improper under the rules of evidence.  You should not be influenced by the fact that an objection is made.

You should also not be influenced by my rulings on objections to evidence.  If I overrule an objection, the question may be answered or the exhibit may be received as evidence, and you should treat the testimony or exhibit like any other. I may allow evidence (testimony or exhibits) only for a limited purpose.  If I do that, I will instruct you to consider the evidence only for that limited purpose, and you must follow that instruction.

If I sustain an objection, the question will not be answered or the exhibit will  not be received as evidence.  Whenever I sustain an objection, you must disregard the question or the exhibit entirely.  Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objects or before I rule on the objection.  If that happens and if I sustain the objection, you should disregard the answer that was given.

Also, I may order that some testimony or other evidence be stricken or removed from the record.  If I do that, I will instruct you to disregard that evidence.  That means, when you are deciding the case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the lawyers may call your attention to certain facts or factual conclusions that they think are important, what the lawyers say is not evidence and is not binding on you.  It is your own recollection and interpretation of the evidence that controls your decision.  Also, do not assume from anything I do or say during the trial that I have any opinion about the evidence or about any of the issues in this case or about what your verdict should be.

**<u>AUTHORITY</u>**

Third Circuit Model Jury Instructions 1.08.

### REQUEST NO. 8:  PRESUMPTION OF INNOCENCE; BURDEN OF PROOF; REASONABLE DOUBT (PRELIMINARY INSTRUCTION PRIOR TO OPENING STATEMENTS)

The defendants Kaleil Isaza Tuzman and Omar Amanat have pleaded not guilty to the offenses charged.  Mr. Isaza Tuzman and Mr. Amanat are presumed to be innocent.  They start the trial with a clean slate, with no evidence against them.  The presumption of innocence stays with Mr. Isaza Tuzman and Mr. Amanat unless and until the government presents evidence that overcomes that presumption by convincing you that Mr. Isaza Tuzman or Mr. Amanat is guilty of the offenses charged beyond a reasonable doubt.  The presumption of innocence requires that you find Mr. Isaza Tuzman and Mr. Amanat not guilty, unless you are satisfied that the government has proved the guilt of each defendant beyond a reasonable doubt.

The presumption of innocence means that neither Mr. Isaza Tuzman nor Mr. Amant has any burden or obligation to present any evidence at all or to prove that he is not guilty.  The burden or obligation of proof is on the government to prove that Mr. Isaza Tuzman and Mr. Amanat are guilty, and this burden stays with the government throughout the trial.

In order for you to find Mr. Isaza Tuzman and Mr. Amanat guilty of the offenses charged, the government must convince you that they are guilty beyond a reasonable doubt.  That means that the government must prove each and every element of the offenses charged beyond reasonable doubt.  A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.  Possible doubts or doubts based on conjecture or speculation are not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.  A reasonable doubt means a doubt that would cause an ordinary reasonable person

16

to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, after hearing all the evidence, you are convinced that the government has proved Mr. Isaza Tuzman or Mr. Amanat guilty beyond a reasonable doubt for a particular charge, you should return a verdict of guilty for that defendant on that charge.  However, if you have a reasonable doubt as to an element of an offense, then you must return a verdict of not guilty.

**<u>AUTHORITY</u>**

Adapted from Third Circuit Pattern Jury Instructions 1.14.

## REQUEST NO. 9:  INTRODUCTION

Now it is time for me to instruct you as to the law that governs the case. You have been handed a copy of the instructions I will read. You should feel free to read along with me or to just listen to me.  You will be able to take your copies of the instructions into the jury room.

There are three parts to these instructions. First, I'll give you general instructions about your role and about how you are to decide the facts of the case, *i.e.*, what happened.  Second, I'll give you instructions as to the specific charges in this case.  Third, I'll give you some final instructions about procedure.

It is important that you listen carefully.  I am reading these instructions from a prepared text because the law is made up of words that are very carefully chosen.  This is not a time to ad lib.  When I tell you what the law is, it's critical that I use exactly the right words.

## AUTHORITY

*United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 1.

## <u>REQUEST NO. 10:  ROLE OF THE COURT</u>

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them.  With respect to legal matters, you must take the law as I give it to you.  If any lawyer has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.  You must not substitute your own notions or opinions of what the law is or what it ought to be.

## <u>AUTHORITY</u>

*United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 2-3; *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 1.

## REQUEST NO. 11:  ROLE OF THE JURY

As members of the jury, you are the sole and exclusive judges of the facts.  You decide what happened.  You decide the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

I shall later discuss with you how to pass on the credibility – or believability – of the witnesses.

You must determine the facts based solely on the evidence received in this trial.  It is your sworn duty under the oath you have taken as jurors, to determine the facts.  Any opinion I might have regarding the facts is of absolutely no consequence.

## AUTHORITY

Adapted from L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 2-3; *United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 3-5; *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 4-5.

## REQUEST NO. 12:  ROLE OF COUNSEL

The personalities and the conduct of counsel in the courtroom are not in any way at issue.

If you formed an opinion of any kind as to any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior as advocates, that should not enter into your deliberations.

The lawyers and I have had sidebar conferences and other conferences out of your hearing.  These conferences involved procedural and evidentiary matters, and should not enter into your deliberations at all.

A lawyer has a duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible.  It is my job to rule on those objections.  Why an objection was made or how I ruled on it is not your concern.  You should not draw any inference simply from the fact that a lawyer objects to a question, or that I sustained or overruled an objection.

## AUTHORITY

*United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 5-6; *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 5.

## <u>REQUEST NO 13:  THE GOVERNMENT AS A PARTY</u>

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to Mr. Isaza Tuzman or Mr. Amanat.  By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice.

The question before you can never be: will the government win or lose the case.  The government always wins when justice is done, regardless of whether the verdict is not guilty or guilty.

## <u>AUTHORITY</u>

L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 2-5, cmt.; *United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 3-5; *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 6-7.

## REQUEST NO. 14:  SYMPATHY OR BIAS

You must evaluate the evidence calmly and objectively, without prejudice or sympathy. You must be completely fair and impartial.  Your verdict must be based solely on the evidence developed at this trial, or the lack of evidence.  Our system of justice cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.  Under your oath as jurors you are not to be swayed by sympathy or prejudice.  You are to be guided solely by the evidence in this case, and the crucial, bottom-line question that you must ask yourselves as you sift through the evidence is:  has the government proven each element of the charges against Mr. Isaza Tuzman and Mr. Amanat beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that Mr. Isaza Tuzman and Mr. Amanat are guilty of the crimes charged beyond a reasonable doubt, and you are to do so solely on the basis of the evidence and subject to the law as I explain it to you.  If you let fear or prejudice, or bias or sympathy, interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to Mr. Isaza Tuzman's guilt or Mr. Amanat's guilt, you should not hesitate for any reason to reach a verdict of not guilty as to that defendant.  But on the other hand, if you should find that the government has met its burden of proving beyond a reasonable doubt that either Mr. Isaza Tuzman or Mr. Amanat is guilty, you should not hesitate because of sympathy to reach a verdict of guilty as to that defendant.

The question of possible punishment of Mr. Isaza Tuzman or Mr. Amanat is of no concern to the jury and should not enter into or influence your deliberations.  If the government proves that Mr. Isaza Tuzman or Mr. Amanat is guilty beyond a reasonable doubt, the duty of imposing a sentence rests exclusively on me.

Your function is to weigh the evidence in the case and to determine whether or not Mr. Isaza Tuzman or Mr. Amanat has been proven guilty beyond a reasonable doubt, solely on the basis of such evidence or lack of evidence. Your verdict must be based exclusively on the evidence or the lack of evidence in this case.

## **AUTHORITY**

Adapted from *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 56; *United States v. Jiang*, 15-cr-00628 (CBA) (E.D.N.Y. Nov. 8, 2016), Trial Jury Charge, at 2.

## REQUEST NO. 15:  ALL PERSONS EQUAL BEFORE THE LAW

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States.  The fact that the government is a party and that the prosecution is brought in the name of the United States does not entitle the government or its witnesses to any greater consideration than that accorded to any other party. By the same token, you must give it no less consideration.

In reaching your decision as to whether the government sustained its burden of proving guilt beyond a reasonable doubt, you may not consider any personal feelings you may have about Mr. Isaza Tuzman or Mr. Amanat.  All persons are entitled to the same presumption of innocence.

As with any other individuals charged with a crime, the issue is whether the government has met its burden of demonstrating each element of the offense beyond a reasonable doubt.

## AUTHORITY

*United States v. Jiang*, 15-cr-00628 (CBA) (E.D.N.Y. Nov. 8, 2016), Trial Jury Charge, at 2; *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 6-7.

## REQUEST NO. 16:  PRESUMPTION OF INNOCENCE

Mr. Isaza Tuzman and Mr. Amanat have pleaded not guilty.  In doing so, Mr. Isaza Tuzman and Mr. Amanat have denied the charges against them.  As a result, the government has the burden of proving each of the charges against them beyond a reasonable doubt.  This burden never shifts to Mr. Isaza Tuzman or to Mr. Amanat for the simple reason that the law never imposes on a defendant in a criminal case the burden or duty of testifying, of calling any witness, or of locating or producing any evidence.

The law presumes that Mr. Isaza Tuzman and Mr. Amanat are innocent of all charges against them.  The presumption of innocence means that Mr. Isaza Tuzman and Mr. Amanat start the trial with a clean slate.  This presumption was with Mr. Isaza Tuzman and Mr. Amanat when the trial began, remains with them even now as I speak to you, and will continue with them during your deliberations unless and until you are convinced that the prosecution has proven Mr. Isaza Tuzman and Mr. Amanat guilty of each count beyond a reasonable doubt.

This presumption of innocence alone is sufficient to acquit them unless you as jurors are unanimously convinced beyond a reasonable doubt of their guilt on each count, after a careful and impartial consideration of all of the evidence in this case.

If the government fails to sustain its burden, then you must find Mr. Isaza Tuzman and Mr. Amanat not guilty. In other words, I instruct you that Mr. Isaza Tuzman and Mr. Amanat are presumed by you to be innocent throughout your deliberations until such time, if ever, you as a jury are satisfied that the government has proven either Mr. Isaza Tuman or Mr. Amanat guilty of each count beyond a reasonable doubt.

## AUTHORITY

Adapted from L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 4-1; *United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 7; *United States v. Steinberg*, S4 12 Cr. 121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint Prop. Jury Charge, at 3-4.

## <u>REQUEST NO. 17:  REASONABLE DOUBT STANDARD</u>

I will now address reasonable doubt.  What is reasonable doubt?  It is a doubt founded in reason and arising out of the evidence in the case, or the lack of evidence.  A reasonable doubt is a doubt based on reason that would make a reasonable person hesitate to act.  Reasonable doubt is a doubt that arises from your own judgment and experience when applied to the evidence.  It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely on in making an important decision.

If, after a fair and impartial consideration of all the evidence, you are not satisfied of the guilt of Mr. Isaza Tuzman or Mr. Amanat, if you do not have an abiding conviction of their guilt, you must find them not guilty.  In other words, if you have such a doubt as would cause you, as a prudent person, to hesitate before acting in matters of importance to yourself, then you have a reasonable doubt, and it is your duty to find Mr. Isaza Tuzman and Mr. Amanat not guilty.

On the other hand, if after a fair and impartial consideration of all the evidence you do have an abiding conviction of Mr. Isaza Tuzman's guilt or of Mr. Amanat's guilt—in other words, a conviction you would be willing to act on without hesitation in important matters in your own life, then you do not have reasonable doubt, and it is your duty to convict as to that defendant.

Reasonable doubt is not whim or speculation.  It is not an excuse to avoid the performance of an unpleasant duty.  The law does not require that the prosecution prove guilt beyond all possible doubt; rather, proof beyond a reasonable doubt is necessary.  The burden never shifts to Mr. Isaza Tuzman or to Mr. Amanat, which means that it is always the

prosecution's burden to prove each of the elements of the crimes charged against Mr. Isaza

Tuzman and Mr. Amanat beyond a reasonable doubt.

## **<u>AUTHORITY</u>**

Adapted from L. Sand, *et al.*, Modern Fed. Jury Inst. – Crim., Inst. 4-2; *United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 8; *United States v. Steinberg,* S4 12 Cr. 121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint Prop. Jury Charge, at 4-5.

## REQUEST NO. 18:  WITNESS CREDIBILITY

You should evaluate the credibility or believability of the witnesses by using your common sense.  Common sense is your greatest asset as a juror.  Ask yourself whether the witness appeared honest, open and candid.  Did the witness appear evasive or as though he or she was trying to hide something?  How responsive was the witness to the questions asked on direct examination and on cross-examination?

If you find that any witness has lied under oath at this trial, you should view the testimony of that witness cautiously and weigh it with great care.  It is, however, for you to decide how much of the witness's testimony, if any, you wish to believe.  Few people recall every detail of every event precisely the same way.  A witness may be inaccurate, contradictory, or even untruthful in some respects and yet entirely believable and truthful in other respects.  It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all or to accept some and reject the balance of that witness's testimony.

In sum, it is up to you to decide whether the testimony of a witness is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of that witness.

In evaluating the testimony of any witness, you may consider, among other things:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testifies;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, demeanor, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice, including because the witness has entered an agreement with the government to testify in exchange for a favorable guilty plea or reduced sentence;

(5) Any relation the witness may have with a party in the case and any effect that the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that is different from the witness' testimony in court;

(7) Whether the witness' testimony is consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

## **AUTHORITY**

Adapted from *United States v. Valle*, No. 12-cr-847 (PGG) (S.D.N.Y. Mar. 7, 2013), Jury Charge at 9-10; Third Circuit Pattern Jury Instructions 1-10.

## REQUEST NO. 19:  PRIOR INCONSISTENT STATEMENTS

You have heard evidence that a witness made a statement on an earlier occasion that counsel argues is inconsistent with the witness' trial testimony.  Evidence of a prior inconsistent statement is not to be considered by you as affirmative evince bearing on the defendants' guilt. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself.  If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

## AUTHORITY

L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 7-19.

## REQUEST NO. 20:  SPECIAL INVESTIGATIVE TECHNIQUES NOT REQUIRED

During the trial you have heard testimony of witnesses and argument by counsel regarding the government's investigation in this case, and whether it exhaustively pursued every piece of information.  You are entitled to evaluate the quality and thoroughness of the government's investigation.  For example, a conscientious investigation may enhance, in your mind, the credibility of the evidence put before you.  In contrast, a sloppy investigation may diminish the credibility of that same evidence.  You may consider these facts and perceptions of the quality of the government's investigation in deciding whether the government has met its burden of proof, because, as I told you, you should look at all of the evidence or lack of evidence in deciding whether the government has proven a particular charge beyond a reasonable doubt.

However, you are also instructed that there is no legal requirement that the government use any specific investigative techniques or pursue every investigative lead to prove its case. Rather, you must determine whether or not, based upon all of the evidence presented in the case, the government has proven that the defendants are guilty beyond a reasonable doubt.

## AUTHORITY

Adapted from L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 4-4; *United States v. Bayfield*, No. 14-CR-356 (ENV) (E.D.N.Y. Feb. 3, 2017), Jury Charge at 64; *Kyles v. Whitley*, 514 US 419, 446 n.15 (1995).

## REQUEST NO. 21:  IMPERMISSIBLE TO INFER PARTICIPATION FROM ASSOCIATION

You may not infer that Mr. Isaza Tuzman or Mr. Amanat was guilty of participating in criminal conduct merely from the fact that each defendant associated with other people who were involved in wrongdoing.  Nor for that matter may you infer guilt merely because the defendant was present when others may have engaged in or discussed criminal conduct.  The mere fact that a defendant may have met with or knows others who engaged in criminal conduct does not prove a conspiracy.  Moreover, a defendant's general knowledge of criminal activity does not prove that he joined or participated in a conspiracy.  Rather, it is the government's obligation to prove that the particular defendant you are considering became a member of the conspiracy, as I will instruct you later.

## AUTHORITY

Adapted from L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 6-3, 6-4; *United States v. Anderson*, 747 F.3d 51, 61 (2d Cir. 2014).

## REQUEST NO. 22:  ACCOMPLICES CALLED BY THE GOVERNMENT

You have heard witnesses who testified that they were actually involved in planning and carrying out the crimes charged in the indictment.  There has been a great deal said about these so-called accomplice statements in the summations of counsel and whether or not you should believe them.

The government argues that it must take the witnesses as it finds them.  It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those very reasons, the law allows the use of accomplice testimony.  Indeed, it is the law in federal courts that testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony established guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such nature that it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony to believe.

Let me say a few things that you may want to consider during your deliberations on the subject of accomplices.

You should ask yourselves whether these so-called accomplices would benefit more by lying, or by telling the truth.  Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely?  Or did they believe that their interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?  Did this motivation color his testimony?

In sum, you should look at all the evidence in deciding what credence and what weight, if any, you will want to give to the accomplice witnesses.

**<u>AUTHORITY</u>**

Adapted from L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 7-5.

## REQUEST NO. 23:  CO-DEFENDANT GUILTY PLEA NOT EVIDENCE

You have heard testimony from government witnesses who pled guilty to charges arising out of the same facts as this case.  You may consider their guilty pleas in assessing their own credibility, but you may not draw any conclusions or inferences about the guilt of Mr. Isaza Tuzman or Mr. Amanat from the fact that a cooperating witness pled guilty to crimes that may be similar or related to the crimes charged against Mr. Isaza Tuzman or against Mr. Amanat, as a witness's decision to plead guilty was a personal decision about his own guilt and not anyone else's.  The law does not permit a defendant to be found guilty simply based on his association with some guilty party.

## AUTHORITY

L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 7-10; *United States v. Whitman*, No. 12-cr-125 (JSR) (S.D.N.Y. Aug. 17, 2012), Jury Instruction No. 7.

## REQUEST NO. 24:  EFFECT OF TESTIFYING CO-DEFENDANT'S PLEA AGREEMENT

You must consider some witness' testimony with more caution than others.

In this case, there has been testimony from government witnesses who pled guilty after entering into agreements with the government to testify.  There is evidence that the government agreed to dismiss some charges against witnesses and agreed not to prosecute witnesses on other charges in exchange for the witnesses' agreement to plead guilty and testify at this trial against the defendant.  The government also promised to bring the witnesses' cooperation to the attention of the sentencing court.

The government is permitted to enter into these kinds of plea agreements.  However, you should bear in mind that a person who has entered into such an agreement has an interest in this case different than any ordinary witness.  A witness who realizes that he may be able to obtain his own freedom, or receive a lighter sentence by giving testimony favorable to the prosecution, has a motive to testify falsely.  Therefore, you must examine his testimony with caution and weigh it with great care.  If, after scrutinizing his testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

## AUTHORITY

Adapted from L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 7-11; Eleventh Circuit Pattern Jury Instructions S1.2.

## REQUEST NO. 25:  MULTIPLE COUNTS & MULTIPLE DEFENDANTS

The indictment contains a total of six counts. Each count charges a defendant with a different crime.

There are two defendants on trial before you: Omar Amanat and Kaleil Isaza Tuzman. You must consider each count of the indictment and each defendant's involvement in that count separately, and you must return a separate verdict on each defendant for each count in which he is charged.

In reaching your verdict, bear in mind that guilt is personal and individual.  Your verdict of guilty or not guilty must be based solely upon the evidence, or lack of evidence, about each defendant without regard to the guilt or innocence of anyone else.

## AUTHORITY

L. Sand, et al., Modern Fed. Jury Inst. - Crim., Ins. 3-5, 3-8; *United States v. Allen*, (No. 14 CR 062), 2015 WL 10383124 (S.D.N.Y. 2016), Jury Instruction at 15.

## REQUEST NO. 26:  FAILURE TO NAME A DEFENDANT

You may not draw any inference, favorable or unfavorable, towards the government or the defendants on trial, from the fact that certain persons were not named as defendants in the indictment or that certain persons were named as co-conspirators but not indicted.  The circumstances that these persons were not indicted must play no part in your deliberations. Whether a person should be named as a co-conspirator or indicted as a defendant is a matter within the sole discretion of the United States Attorney and the grand jury.  Therefore, you may not consider it in any way in reaching your verdict as to the defendants on trial.

## AUTHORITY

L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 3-4.

**REQUEST NO. 27:  HIGH POSITION – CANNOT ASSUME GUILT OR KNOWLEDGE; ENTITLEMENT TO DELEGATE AND RELY**

You cannot find Mr. Isaza Tuzman guilty based solely on his position or title as the Chairman and Chief Executive Officer of KIT Digital.  When deciding whether Mr. Isaza Tuzman acted with actual knowledge or intent to deceive, you must keep in mind that Mr. Isaza Tuzman's position at KIT Digital does not itself prove his knowledge and intent or involvement in a criminal conspiracy.

Whether Mr. Isaza Tuzman had access to some information within KIT Digital by virtue of his position at KIT Digital, or otherwise, does not prove that Mr. Isaza Tuzman knew such information, or that he knowingly and willfully acted on such information.  Similarly, you cannot infer that Mr. Isaza Tuzman acted knowingly or willfully simply because you believe he should have been more curious regarding the actions around him or the information to which he had access.

As the Chairman and Chief Executive Officer of KIT Digital, Mr. Isaza Tuzman was entitled to delegate duties to his colleagues and employees at KIT Digital and to rely on those colleagues and employees in good faith.  He had the right to rely on other officers, directors, and employees at KIT Digital to provide accurate information to him and to provide the information necessary for KIT Digital attorneys and accountants to render reliable and accurate advice. Indeed, the complexities of the modern business world require corporate officers, including corporate CEOs, to delegate much responsibility to their subordinates and to rely on their subordinates' judgment and expertise.  Mr. Isaza Tuzman was entitled to assume that the company's information as presented to him had been properly reviewed and analyzed. To prove Mr. Isaza Tuzman acted knowingly, the government must establish that Mr. Isaza Tuzman

lacked a genuine belief that the information provided to him was accurate and complete in all

material respects.

## **AUTHORITY**

*See Chill v. Gen. Elec. Co.*, 101 F.3d 263, 270 (2d Cir. 1996) ("Fraud cannot be inferred simply because GE might have been more curious or concerned about the activity at Kidder."); *In re Sotheby's Holdings, Inc.*, No. 00 CIV. 1041 (DLC), 2000 WL 1234601, at *7 (S.D.N.Y. Aug. 31, 2000) (rejecting argument that defendants in senior positions of a corporation are presumed to be knowledgeable; "[i]t is well established that boilerplate allegations that defendants knew or should have known of fraudulent conduct based solely on their board membership or executive positions are insufficient to plead scienter."); *Glickman v. Alexander & Alexander Servs., Inc.*, No. 93 CIV 7594 (LAP), 1996 WL 88570, at *14 (S.D.N.Y. Feb. 29, 1996) ("executive's 'unfettered access' [to information] 'is an inadequate basis for scienter, one which would expose virtually any CEO, by virtue of his or her position alone, to liability' "); *Lansing Automakers' Fed. Credit Union v. MCG Portfolio Mgmt. Corp.*, No. 5:89 CIV 52, 1991 WL 238974, at *2 (W.D. Mich. Sept. 12, 1991) ("To hold ... that an officer or director must actually supervise each and every aspect of their businesses would be to expect the impossible. The complexities of the modern business world require officers and directors to delegate much responsibility to their subordinates and to rely on their judgment and expertise.").

## REQUEST NO. 28:  INFERENCES; VOLUME OF EVIDENCE; CONTEXT.

You are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.  Inferences are deductions or conclusions that reason and common sense lead you, the jury to draw from the facts that have been established by the evidence in the case.  However, you are not permitted to engage in mere guesswork or speculation.

In deciding the factual issues presented in this case, the test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witnesses and evidence appeal to your minds as being most accurate and trustworthy.  The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact that would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if after consideration of all of the evidence in the case, you hold a greater belief in the accuracy or reliability of the one witness.

As you consider the evidence that you heard and saw over the course of trial, you should consider all the evidence in context.  A document or statement can take different meanings depending on the context at the time the document was created or the statement was made.  In assessing the significance of any document, you may wish to consider such factors as whether there has been any evidence introduced regarding the context in which the document was proposed and used, whether there is evidence that the document was actually sent, actually received, and actually reviewed; and you may wish to consider whether you have heard any testimony from a witness about the document.  Just because a document has been introduced into evidence does not mean that you must find it to be significant.  To the contrary, it is your decision, and yours alone, to determine what, if any, significance should be given to any particular document.

## <u>AUTHORITY</u>

Adapted from *Jackson v. Tellado*, No. 11-cv-30258 (PKC), 2016 WL 6134617 (E.D.N.Y. Aug. 29, 2016); Jury Instructions; *Crichlow v. University Group Medical Associates*, No. 7:98 CV 08634, 1998 WL 35242783 (S.D.N.Y. 1998), Jury Instruction at 5; *Protostorm LLC v. Antonelli, Terry, Stout & Kraus LLP*, No. 08-cv-931 (PKC) (JO), 2014 WL 7531468 (E.D.N.Y. Aug. 5, 2014), Jury Instructions at 3.

## REQUEST NO. 29:  GOOD FAITH

As I will explain, an essential element of each crime charged is intent to defraud.  It therefore follows that good faith on the part of Mr. Isaza Tuzman or Mr. Amanat is a complete defense to the charges here.  A person who acts on a belief or opinion honestly held is not punishable under these statutes merely because his opinion or belief turns out to be wrong.

Even false representations, statements, or omissions of material facts do not amount to a fraud unless done with fraudulent intent.  An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may have turned out to be.  However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith.

If Mr. Isaza Tuzman or Mr. Amanat believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime.  Similarly, evidence of a mistake in judgment, an error in management, or carelessness cannot establish fraudulent intent or negate a defendant's good faith.

Mr. Isaza Tuzman and Mr. Amanat, however, have no burden to establish a defense of good faith.  The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

As a practical matter, then, in order to sustain the charges against the defendants, the government must establish beyond a reasonable doubt that they knew that their conduct as a participant in the scheme was calculated to deceive and, nonetheless, they associated themselves with the alleged fraudulent scheme.

## AUTHORITY

Adapted from L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 8-1, 57-24; Eleventh Circuit Pattern Jury Instructions, S17; *United States v. Steinberg*, No. 12-cr-121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint Proposed Jury Charge at 27-28.

## REQUEST NO. 30:  SUMMARY OF THE CHARGES

With these preliminary instructions in mind, let us turn to the specific charges against the defendant, Kaleil Isaza Tuzman. These charges were originally set forth in what is called an indictment, which is simply a charging instrument and is not itself evidence, so it will not be presented to you.

The indictment in this case contains six "counts," and Mr. Isaza Tuzman is charged in only three of those counts, Count 4, Count 5, and Count 6.

Count 4 charges that Mr. Isaza Tuzman conspired with Omar Amanat and Stephen Maiden to engage in market manipulation, which is a type of securities fraud.  The government alleges that, from 2008 through September 2011, Mr. Isaza Tuzman, Omar Amanat, and Stephen Maiden agreed to manipulate the price and trading volume of KIT Digital stock by having Maiden make purchases of KIT Digital.

Count 5 charges Mr. Isaza Tuzman with conspiracy to commit wire fraud.  The government alleges that, from March 2009 through March 2011, Mr. Isaza Tuzman and others agreed to mislead KIT Digital's shareholders regarding the nature of a $1.5 million investment in Maiden's fund.  The Indictment alleges that Mr. Isaza Tuzman and Maiden attempted to conceal from KIT Digital's board of directors and accountants that Maiden's fund did not have the money to honor redemption requests by KIT Digital.

Count 6 charges Mr. Isaza Tuzman with a conspiracy to commit three separate offenses: to commit securities fraud, to make misleading statements to KIT Digital's auditors, and to cause false statements to be made in filings before the SEC.  On this count, the government charges

Mr. Isaza Tuzman with conspiring with others to violate each of these laws in the context of the following transactions:[3]

1. The recognition of revenue from a contract with a company called The Country Network.

2. The recognition of revenue from a contract with a company called Totalmovie.

3. The recognition of revenue from a contract with a company called Iusacell.

4. The use of a restructuring fee in a December 2011 transaction with a company called Sezmi.

Under Count 6, the government has also charged Mr. Isaza Tuzman with conspiring to make false statements to KIT Digital's auditors in connection with KIT Digital's investment in the Enable fund run by Omar Amanat and Irfan Amanat.  In connection with this particular factual allegation, the government has not charged Mr. Isaza Tuzman with conspiracy to commit securities fraud or with conspiracy to make false statements in filings to the SEC.

**<u>AUTHORITY</u>**

S8 Indictment; May 1, 2017 Bill of Particulars.

---

[3] The government has identified other transactions that it wishes to charge under Count Six.  Mr. Isaza Tuzman currently has pending motions to dismiss portions of the indictment that pertain to those additional charges as a violation of the Rule of Specialty, and also as a violation of the government's obligation to limit its case to the bill of particulars it served on May 1, 2017.  Mr. Isaza Tuzman reserves all rights to request additional instructions pertaining to those transactions.

## REQUEST NO. 31:  COUNTS FOUR & SIX:  CONSPIRACY TO VIOLATE SECURITIES LAWS—STATUTE

As I have explained, Kaleil Isaza Tuzman and Omar Amanat are charged in Count Four with conspiracy to commit securities fraud via market manipulation and Mr. Isaza Tuzman is charged in Count Six with conspiracy to violate the federal securities laws.

The relevant statute on conspiracy is Section 371 of Title 18 of the United States Code, which provides, in part, that: "If two or more persons conspire either to commit any offense against the United States, or to defraud the United States . . . and one or more of such persons do any act to effect the object of the conspiracy, each [is guilty of an offense against the United States]."

A conspiracy is a kind of criminal partnership—a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

## AUTHORITY

18 U.S.C. § 371 (2012); L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 19-2.

## REQUEST NO. 32:  COUNTS FOUR & SIX:  CONSPIRACY TO VIOLATE SECURITIES LAWS—ELEMENTS OF CONSPIRACY

In order to satisfy its burden of proof, the government must establish each of the following three essential elements beyond a reasonable doubt:

First, that two or more persons entered the unlawful agreement charged in the indictment;

Second, that the defendant knowingly and willfully became a member of the conspiracy;

Third, that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the indictment that furthered some objective of the conspiracy within the statute of limitations.

## AUTHORITY

Adapted from L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 19-3; *United States v. Salameh*, 152 F.3d 88, 145 (2d Cir. 1998) (per curiam).

**REQUEST NO. 33:  COUNTS FOUR AND SIX:  CONSPIRACY TO VIOLATE
SECURITIES LAWS—EXISTENCE OF AN UNLAWFUL AGREEMENT**

The first element which the government must prove beyond a reasonable doubt is that at
least two persons entered the unlawful agreement charged in the indictment.

In order for the government to satisfy this element, you need not find that the alleged
members of the conspiracy met together and entered into any express or formal agreement.
Similarly, you need not find that the alleged conspirators stated, in words or writing, what the
scheme was, its object or purpose, or every precise detail of the scheme or the means by which
its object or purpose was to be accomplished.  What the government must prove is that there was
a mutual understanding, either spoken or unspoken, between two or more people to cooperate
with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to disobey or disregard the
law has been established by direct proof.  However, since conspiracy is, by its very nature,
characterized by secrecy, you may also infer its existence from the circumstances of this case and
the conduct of the parties involved.

In a very real sense, then, in the context of conspiracy cases, actions often speak louder
than words.  In this regard, you may, in determining whether an agreement existed here, consider
the actions and statements of all of those you find to be participants as proof that a common
design existed on the part of the persons charged to act together to accomplish an unlawful
purpose.

Counts Four and Six charges that the object, or goal, of the alleged conspiracy was to
violate the federal securities laws.  Specifically, Count Four charges Mr. Isaza Tuzman and Mr.
Amanat with conspiracy to commit securities fraud via market manipulation, and Count Six
charges Mr. Isaza Tuzman with conspiracy to commit securities fraud, to make false statements

50

in filings to the Securities & Exchange Commission, and to make false statements to auditors.  In order to find Mr. Isaza Tuzman or Mr. Amanat guilty of these charges, the government must establish beyond a reasonable doubt that the defendant you are considering agreed to commit each element of the offense that was the object of the particular conspiracy.  It is not enough for the government to show that Mr. Isaza Tuzman or Mr. Omar Amanat agreed to illegal acts, generally.  You must find beyond a reasonable doubt that the defendant you are considering agreed to commit the specific crimes charged in the indictment.  If you find that the government has failed to establish that the defendants acted with the unlawful intent needed to commit the offense that was the object of the conspiracy, you must find the defendants not guilty with respect to the charge of conspiracy to commit that offense.

## AUTHORITY

L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 19-4; *see also United States v. Salameh*, 152 F.3d 88, 145 (2d Cir. 1998) (per curiam) ("It is well settled that [one of] the essential elements of the crime of conspiracy [is that] . . . the defendant knowingly participated in the conspiracy with the specific intent to commit the offenses that were the objects of the conspiracy.").

## REQUEST NO. 34:  COUNTS FOUR & SIX:  CONSPIRACY TO VIOLATE SECURITIES LAWS—KNOWING AND WILLFUL MEMBERSHIP IN THE CONSPIRACY

If you conclude that the government has proven beyond a reasonable doubt that the charged conspiracy existed, and that the conspiracy had as its object the illegal purpose charged in the Indictment, then you must next determine the second question:  Whether Mr. Isaza Tuzman or Mr. Amanat participated in the charged conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

The government must prove beyond a reasonable doubt that Mr. Isaza Tuzman and Mr. Amanat knowingly and intentionally entered into the conspiracy with a criminal intent—that is, with a purpose to violate the law—and that they agreed to take part in the conspiracy to promote and cooperate in its unlawful objective.

In that regard, it has been said that in order for a defendant to be deemed a participant in a conspiracy, he must have had a stake in the venture or its outcome.  Knowledge of the existence and goals of a conspiracy does not, without more, make one a conspirator.  Rather, he must in some sense promote the venture himself, make it his own, and have a stake in its outcome.

It is important for you to note that the defendants' participation in the conspiracy must be established by independent evidence of his own acts or statements.  You may also consider, but you may not exclusively rely on, acts or statements of the other alleged coconspirators, and the reasonable inferences which may be drawn from them.

The term "unlawfully" and "intentionally" and "knowingly" are intended to ensure that if you find that Mr. Isaza Tuzman or Mr. Amanat joined the conspiracy, you also conclude beyond a reasonable doubt that, in doing so, he knew what he was doing; in other words, that he took the actions in question deliberately and voluntarily, and with full knowledge of the alleged conspiracy's unlawful objective.

"Unlawfully" simply means contrary to law.  Mr. Isaza Tuzman or Mr. Amanat need not have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of his actions.

"Knowingly" means to act voluntarily and deliberately, and not because of ignorance, mistake, accident, negligence or carelessness or being misled, deceived or having material information withheld from or omitted by someone else.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.  The defendants' conduct was not "willful" if it was due to negligence, inadvertence, or mistake.

Direct proof of knowledge and willfulness is almost never available, nor is it required. The ultimate facts of knowledge and willfulness, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts, and all the surrounding circumstances disclosed by the evidence and the rational inferences that may be drawn from them. Circumstantial evidence, if believed, is of no less value than direct evidence.

The extent of a defendant's participation has no bearing on the issue of a defendant's guilt.  A conspirator's liability is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times.

I want to caution you, however, that the defendants' mere presence at the scene of the crime does not, by itself, even when coupled with knowledge that a crime is taking place, make them members of the conspiracy.  Similarly, mere association with one or more members of the conspiracy does not make the defendants a members of the conspiracy, even if they had

knowledge that a conspiracy was taking place.  A person may know, supervise, work for or with, or be friendly with, a criminal, without being a conspirator himself.  Furthermore, mere similarity of conduct or the fact that individuals may have worked together and discussed common aims and interests does not necessarily make them members of a conspiracy.  In other words, knowledge without participation is not sufficient.

Likewise, the fact that the acts of a particular defendant, without knowledge, merely happens to further the purposes or objectives of the conspiracy, does not make the defendant a member.  More is required under the law.  What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the defendants, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking.  They thereby become knowing and willing participants in the unlawful agreement—that is to say, conspirators.

In order to prove that a defendant conspired to commit a particular offense that was the object of the conspiracy, the government must also prove beyond a reasonable doubt that the defendant acted with the same unlawful intent that must be proved with respect to the alleged object of the alleged conspiracy.

Because the government must prove beyond a reasonable doubt that the defendants acted knowingly, willfully, and with the unlawful intent to establish membership in the conspiracy, the government also must prove to you beyond a reasonable doubt that Mr. Isaza Tuzman and Mr. Amanat did not act in good faith.  As I have explained, it is not Mr. Isaza Tuzman's or Mr.

Amanat's burden to prove that he acted in good faith.  That burden rests solely with the

government.

## **AUTHORITY**

Adapted from L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 19-6, 19-3S, 44-5, 57-24; *United States v. Allen*, No. 14 CR 062, 2015 WL 10383124 (S.D.N.Y. 2016), Jury Instructions at 24; *United States v. Kenner*, No. 13 CR 0607 (E.D.N.Y. July 6, 2015), Jury Instructions at 65; *United States v. Dupree*, 10-cr-00627 (KAM) (E.D.N.Y. May 16, 2013), Trial Jury Charge, at 32-35; *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 25-28; *United States v. Steinberg*, S4 12 Cr. 121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint Prop. Jury Charge, at 36, 38.

### REQUEST NO. 35:  COUNTS FOUR & SIX:  CONSPIRACY TO VIOLATE SECURITIES LAWS—COMMISSION OF AN OVERT ACT

The third element that the government must prove beyond a reasonable doubt is that at least one of the overt acts charged in the indictment was knowingly committed in furtherance of the conspiracy by at least one of the conspirators, at or about the time and place alleged.

The purpose of the overt act requirement is clear.  There must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy.  The only requirement is that one of the members of the conspiracy has taken some step or action in furtherance of the conspiracy during the life of the conspiracy within the statute of limitations.

The indictment charges that overt acts were committed in the Southern District of New York in connection with Counts Four and Six.  I will read those overt acts to you when I instruct you as to the law for each Count beyond the basic law of conspiracy.

In order for the government to satisfy this element, it is not required that all of the overt acts alleged in the indictment be proved.  It is sufficient for the government to show that Mr. Isaza Tuzman, Mr. Amanat, or one of their alleged co-conspirators knowingly committed an overt act in furtherance of the conspiracy.

However, you must all agree on at least one overt act that a conspirator committed to satisfy this element.  In other words, it is not sufficient for you to agree that some overt act was committed without agreeing on which overt act was committed.  You must all agree on the same overt act.

You should bear in mind that the overt act standing alone may be an innocent, lawful act. Sometimes, however, an apparently innocent act may shed its harmless character if it carries out, promotes, aids, or assists the conspiratorial scheme.

**<u>AUTHORITIES</u>**

*United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 28; *United States v. Steinberg*, S4 12 Cr. 121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint Prop. Jury Charge, at 39-40; *United States v. Rajaratnam*, 09 CR 1184 (RJH) (S.D.N.Y. Apr. 25, 2011), Trial Tr. Jury Charge, at 5638-39, 5642; *United States v. Haskell*, 468 F.3d 1064, 1074-75 (8th Cir. 2006) (unanimity required).

## REQUEST NO. 36:  COUNT FOUR:  CONSPIRACY TO COMMIT SECURITIES FRAUD & MARKET MANIPULATION—OVERT ACTS CHARGED

As I have instructed you, the indictment alleges that the object of the conspiracy charged in Count Four was to commit securities fraud via market manipulation.  The indictment charges that the following overt acts were committed in the Southern District of New York.

a.      On or about December 31, 2008, Mr. Isaza Tuzman, Mr. Amanat, and Stephen Maiden executed an agreement pursuant to which Maiden agreed that Maiden Capital would buy at least $400,000 of KIT Digital common stock in the open market.

b.      Between in or about January 2009 and in or about February 2009, Maiden purchased over $400,000 of KIT Digital common stock through Maiden Capital.

c.      In or about March 2011, Maiden bought and sold KIT Digital shares in an effort to artificially inflate the price of KIT Digital shares.

d.      In or about July 2011, Mr. Amanat and Mr. Isaza Tuzman met with Maiden and other sin Manhattan in part to discuss the losses sustained in Enable.

## AUTHORITY

S8 Indictment ¶ 76.

## REQUEST NO. 37:  COUNT FOUR:  CONSPIRACY TO COMMIT SECURITIES FRAUD & MARKET MANIPULATION—OBJECT OF THE CONSPIRACY

In order to prove Mr. Isaza Tuzman or Mr. Amanat guilty of Count Four, Conspiracy to Commit Securities Fraud via market manipulation, the government must prove that Mr. Isaza Tuzman or Mr. Amanat conspired with Stephen Maiden and others, with the specific intent to violate each substantive element of securities fraud via market manipulation.

A.      Securities Fraud - Statute

The relevant statute on securities fraud is Title 15, United States Code, Section 78j(b), which provides:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange . . .

> To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, or any securities-based swap agreement any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors.

Title 15, United States Code, Section 78ff, establishes the predicate for criminal prosecution under the relevant act. It provides in part: "Any person who willfully violates any provision of this chapter . . . or any rule or regulation thereunder the violation of which is made unlawful or the observance of which is required under the terms of this chapter . . . [shall be guilty of a crime]."

Rule 10b-5 as promulgated by the Securities & Exchange Commission reads as follows:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails or of any facility of any national securities exchange,

> (a) To employ any device, scheme, or artifice to defraud,

(b) To make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c) To engage in any act, practice, or course of business that operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

## AUTHORITY

15 U.S.C. §§ 78j(b), 78ff; 17 C.F.R. § 240.10b-5.

### B.      Securities Fraud - Elements

In order to meet its burden of proof, the government must establish beyond a reasonable doubt the following elements of securities fraud:

First, that in connection with the purchase or sale of securities issued by KIT Digital, the defendants did any one or more of the following:

(1) employed a device, scheme, or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact that made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

Second, that the defendants acted willfully, knowingly, and with the intent to defraud.

Third, that the defendants knowingly used, or caused to be used, any means or instruments of transportation or communication in interstate commerce or the use of the mails in furtherance of the fraudulent conduct.

I will now explain each of the three elements of securities fraud in more detail.

**<u>AUTHORITY</u>**

L. Sand, et al., Modern Fed. Jury Inst. - Crim., at Instr. 57-20.


     C.    <u>Securities Fraud – First Element – Generally</u>

First, the government must prove beyond a reasonable doubt that, in connection with the purchase or sale of securities issued by KIT Digital, the defendants agreed to do any one or more of the following: (1) employ a device, scheme or artifice to defraud; (2) make an untrue statement of material fact, or omit to state a material fact that would make what was said, under the circumstances, misleading; or (3) engage in an act, practice, or course of business that would operate as a fraud or deceit upon a purchaser or seller.

It is not necessary for the government to establish that the defendants conspired to commit all three types of unlawful conduct.  Any one will be sufficient to satisfy this element of the offense.  But you must be unanimous as to which type of unlawful conduct was the alleged object of the conspiracy.

A "device, scheme, or artifice to defraud" is merely a plan for the accomplishment of any objective.  "Fraud" is a general term that embraces all efforts and means that individuals devise to take advantage of others.  The law that the defendants are alleged to have violated prohibits all kinds of manipulative and deceptive acts.  The fraudulent or deceitful conduct alleged need not relate to the investment value of the securities involved in this case.

You need not find that the defendants actually participated in any securities transaction if the defendants were engaged in fraudulent conduct that was "in connection with" a purchase or sale.  The "in connection with" aspect of this element is satisfied if you find that there was some

direct nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities.

It is no defense to an overall scheme to defraud that the defendants were not involved in the scheme from its inception or played only a minor role with no contact with the investors and purchasers of the securities in question.  Nor is it necessary for you to find that the defendants were the actual sellers or offerors of the securities.  It is sufficient if the defendants participated in the scheme or fraudulent conduct that involved the purchase or sale of stock.  By the same token, the government need not prove that the defendants personally made the misrepresentation or that they omitted the material fact.  It is sufficient if the government establishes that the defendants caused the statement to be made or the fact to be omitted.

With regard to the alleged misrepresentations and omissions, you must determine whether the statement was true or false when it was made and, in the case of alleged omissions, whether the omission was misleading.

If you find that the government has established beyond a reasonable doubt that a statement was false or omitted, you must next determine whether the fact misstated or omitted was material under the circumstances.

Material information is information that a reasonable investor would have considered significant in deciding whether to buy, sell, or hold securities, and at what price to buy or sell securities.  Put another way, there must be a substantial likelihood that the information at issue would have been viewed by the reasonable investor as having significantly altered the total mix of information then available.  When you assess whether a piece of information is material, you may consider, among other things, whether that information did, or would have, caused the price of KIT Digital's stock to move.

Your consideration of the element of materiality must be based on the facts existing at the time the actions alleged by the government were done; materiality cannot be judged in hindsight.

In determining whether certain information as material, you must consider this issue from the perspective of a reasonable investor—and not from the perspective of KIT Digital employees or other individuals that may possess information and perspectives different than a reasonable investor.

Once you find that there was a material misrepresentation (or omission of a material fact), it does not matter whether the intended victims were gullible buyers or sophisticated investors, because the securities laws protect the gullible and unsophisticated as well as the experienced investor.

Nor does it matter whether the alleged unlawful conduct was successful or not or that the defendants profited or received any benefits as a result of the alleged scheme. Success is not an element of the crime charged.

## **AUTHORITY**

Adapted from L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 57-20; *United States v. Martoma*, No. 12-cr-973 (PGG) (S.D.N.Y. 2014), Jury Instructions at 30-31.

### D.      Securities Fraud – First Element – Market Manipulation

With respect to the first element, the government charges that Mr. Isaza Tuzman and Mr. Amanat conspired to commit securities fraud by manipulating the market for KIT Digital stock by having Stephen Maiden purchase KIT Digital stock, which the government claims was intended to artificially inflate the price of KIT Digital stock and to artificially increase trading volume in KIT Digital stock.

Market manipulation is a term of art in securities markets. The government must prove that, as part of the conspiracy, Mr. Isaza Tuzman and Mr. Amanat willfully agreed to engage in intentional conduct designed to deceive or defraud investors by artificially distorting the price of securities, such that the prices of the securities in question were not governed by the natural interplay of supply and demand. As part of this charge, the government must prove that the conduct underlying this agreement was intended to inject inaccurate information into the market for KIT Digital securities or to create a false impression of market activity. However, you cannot convict if you conclude that the agreement alleged here was simply to make an investment in KIT Digital stock, rather than to raise the price or increase trading volume of KIT Digital stock.

Because market manipulation is often accomplished through investing activity that otherwise would be lawful, such as short selling, the law requires that you carefully assess whether the trades the government has identified were made with the willful intent of artificially distorting the price of KIT Digital's stock, and not for any legitimate economic reason. If you conclude that these trades were made for any legitimate reason, then you cannot find Mr. Isaza Tuzman or Mr. Amanat guilty on Count Four. Stated differently, the government must prove that the trades in question would not have taken place but for the alleged agreement with Mr. Isaza Tuzman and Mr. Amanat to manipulate the price and trading volume of KIT Digital stock.

But remember that, even if you conclude that the alleged trading by Maiden was done to manipulate the price and trading volume of KIT Digital stock, you cannot convict Mr. Isaza Tuzman or Mr. Amanat unless you conclude that each defendant knowingly and willfully joined a conspiracy with Maiden to manipulate the price and trading volume of KIT Digital securities.

## AUTHORITY

*Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 199 (1976); *ATSI Comms., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007); *United States v. Mulhren*, 938 F.2d 364, 368-69 (2d Cir. 1991); *GFL Advantage Fund, Ltd. v. Colkitt*, 272 F.3d 189, 207 (3d Cir. 2001); *SEC v. Martino*, 255 F. Supp. 2d 268 (S.D.N.Y. 2003); *In re College Bound Consolidated Litig*, 1995 WL 450486, at *6 (S.D.N.Y. July 31, 1995); *SEC v. Marsi*, 523 F. Supp. 2d 361 (S.D.N.Y. 2007).

E.        Securities Fraud – Second Element

Second, the government must establish beyond a reasonable doubt that the defendants agreed to participate in the scheme to defraud knowingly, willfully, and with intent to defraud.

"Knowingly" means to act voluntarily and deliberately, and not because of ignorance, mistake, accident, negligence or carelessness or being misled, deceived or having material information withheld from or omitted by someone else.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.

In the context of securities laws, "intent to defraud" means to act knowingly and with the intent to deceive.

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words,

his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a charge of securities fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

Even false representations, statements, or omissions of material facts do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may have turned out to be.

As a practical matter, then, in order to sustain the charges against the defendants, the government must establish beyond a reasonable doubt that they knew that their conduct as participants in the scheme were calculated to deceive and, nonetheless, they associated themselves with the alleged fraudulent scheme.

The government may prove that the defendants acted knowingly in either of two ways. First, it is sufficient, of course, if the evidence satisfies you beyond a reasonable doubt that the defendants were actually aware they was engaging in deceptive conduct (e.g., making or causing a false statement to be made). Alternatively, the defendants' knowledge may be established by proof that the defendants' were aware of a high probability that the statement was false, unless, despite this high probability, the facts show that the defendants actually believed the statement to be true.

Knowledge may be found from circumstances that would convince an average, ordinary person. Thus, you may find that the defendants knew that the statement was false if you conclude beyond a reasonable doubt that the statement was made with deliberate disregard of whether it was true or false and with a conscious purpose to avoid learning the truth. If you find beyond a reasonable doubt that the defendants acted with deliberate disregard for the truth, the knowledge requirement would be satisfied unless the defendants actually believed the statement to be true. This guilty knowledge, however, cannot be established by demonstrating merely negligence or foolishness on the part of the defendants.

**AUTHORITY**

Adapted from L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 3A-1; 3A-3; 57-20, 57-24

F.      Securities Fraud – Third Element

Third, the government must prove beyond a reasonable doubt that the defendants knowingly agreed to use, or cause to be used, an instrumentality of interstate commerce—in this case, the facilities of national securities exchanges—in furtherance of the scheme to defraud.

It is not necessary that a defendant be directly or personally involved in the use of an instrumentality of interstate commerce. If the defendant was an active participant in the scheme and took steps or engaged in conduct that he knew or could reasonably foresee would naturally and probably result in the use of an instrumentality of interstate commerce, this element would be satisfied.

If one acts with knowledge that the use of interstate means of communication will follow in the ordinary course of business, or where such use can reasonably be foreseen—even though not actually intended—then he causes such means to be used.

Nor is it necessary that the items communicated through an instrumentality of interstate commerce contain fraudulent material or anything criminal or objectionable.

**<u>AUTHORITY</u>**

Adapted from L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 57-25.

## REQUEST NO. 38:  COUNT FOUR:  STATUTE OF LIMITATIONS

Finally, there is an additional element that the government must prove with respect to the

conspiracy charge in Count Four.  There is a limit on how much time the government has to

obtain an indictment after the underlying conduct took place.  Therefore, for you to find Mr.

Isaza Tuzman or Mr. Amanat guilty of conspiracy to commit securities fraud via market

manipulation, the government case must also prove beyond a reasonable doubt three elements:

First, that the conspiracy to manipulate the market of KIT Digital's stock continued to

operate, after September 8, 2010,

Second, that Mr. Isaza Tuzman and Mr. Amanat continued to participate in that

conspiracy after September 8, 2010, and

Third, that either Mr. Isaza Tuzman, Mr. Amanat, or one of their alleged co-conspirators

committed at least one overt act in furtherance of the conspiracy to manipulate the market for

KIT Digital's stock after September 8, 2010.

## AUTHORITY

18 U.S.C. § 3282 (five-year statute of limitations); *United States v. Ben Zvi*, 242 F.3d 89, 97 (2d
Cir. 2001); *United States v. Kenner*, No. 13-cr-607 (E.D.N.Y. July 6, 2015), Jury Charge at 62-
63; *United States v. Gigante*, 436 F. Supp. 2d 647, 660 (S.D.N.Y. 2006) ("If, for example, the
Government lacks a proper purpose in sealing the indictment, the indictment is considered to be
found upon the date of its unsealing.").

The Court should not apply the six-year statute of limitations applicable to securities fraud
prosecutions in 18 U.S.C. § 3301 because that statute was enacted and took effect in July 2010,
after the conduct underlying Count Four took place.  In *Landgraf v. USI Film Prods.*, the
Supreme Court explained that U.S. law embraces a "presumption against retroactive legislation."
511 U.S. 244, 265 (1994).  This presumption applies "unless Congress has clearly manifested its
intent to the contrary."  *Hughes Aircraft Co. v. U.S. ex rel. Schumer*, 520 U.S. 939, 946 (1997).
Moreover, while certain retroactive legislation may be appropriate in the civil context, "the *Ex
Post Facto* Clause flatly prohibits retroactive application of penal legislation."  *Landgraf*, 511
U.S. at 266.   To defense counsel's knowledge, no court in this Circuit has applied Section 3301
retroactively in a criminal case.  This Court should apply the holding of *United States v. Gentile*,
where the court refused to apply Section 3301's six-year limitations period to a crime that
allegedly took place in 2008 because "at the time Defendant committed his criminal acts, he had
a statutory right which protected him from criminal prosecution five years from the date he

committed said acts." 235 F. Supp. 3d 649, 654 (D.N.J. 2017).  The same rule should apply
here, where the relevant conduct allegedly took place in 2008 and 2009.

### REQUEST NO. 39:  COUNT SIX – CONSPIRACY TO VIOLATE SECURITIES LAWS—NATURE OF THE OFFENSE CHARGED

As I explained above, Count Six of the indictment charges a conspiracy to violate the federal securities laws in violation of Title 18, United States Code Section 371.  Count Six of the indictment charges that between in or about 2009 through April 2012, the defendant, Kaleil Isaza Tuzman, conspired to commit three separate offenses:  (1) commit securities fraud in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations 240.10b-5; (2) make false statements in annual and quarterly reports filed with the Securities & Exchange Commission in violation of Sections 78m(a) and 78ff of Title 15 of the United States Code; and (3) make false statements to KIT Digital's auditors in violation of Section 78ff of Title 15 of the United States Code and Section 240.13b2-2 of Title 17 of the Code of Federal Regulations.

### AUTHORITY

S8 Indictment ¶¶ 139, 141.

71

## REQUEST NO. 40:  COUNT SIX:  CONSPIRACY TO VIOLATE SECURITIES LAWS— ELEMENTS OF THE OFFENSE

As we discussed earlier, the relevant statute on conspiracy is Section 371 of Title 18 of the United States Code. In order to satisfy its burden of proof, the government must establish each of the following four essential elements beyond a reasonable doubt.

First, the government must show that two or more persons entered the unlawful agreement charged in the indictment, which lasted from in or about 2009 through April 2012.

Second, it must prove that the defendant knowingly and willfully became a member of the conspiracy.

Third, it must establish that one of the members of the conspiracy knowingly committed at least one of the overt acts charged in the indictment.

Fourth, the government must prove that the overt acts which you find to have been committed were committed to further some objective of the conspiracy

We have already discussed at length the elements of conspiracy.  Those instructions continue to apply here although I will not repeat them.

## AUTHORITY

L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 19-3.

**REQUEST NO. 41:  COUNT SIX:  CONSPIRACY TO VIOLATE SECURITIES LAWS—
OVERT ACTS CHARGED**

Count Six of the indictment charges that several overt acts occurred in the Southern District of New York and elsewhere.  As I have already explained, the government must prove beyond a reasonable doubt i that at least one of the overt acts charged in the indictment was knowingly committed in furtherance of the conspiracy by at least one of the conspirators, at or about the time and place alleged.  I would also remind you that you must all agree on at least one overt act that a conspirator committed to satisfy this element.  In other words, it is not sufficient for you to agree that some overt act was committed without agreeing on which overt act was committed.

The overt acts charged in Count Six are:

a.       On or about March 4, 2010, Irfan Amanat emailed a false balance confirmation, for the benefit of KIT Digital's auditors, that Enable, an investment company Irfan Amanat at times controlled, maintained an account on KIT Digital's behalf with a balance in excess of $2 million.

b.       On or about August 16, 2010, Mr. Isaza Tuzman and Robin Smyth participated in a quarterly earnings conference call for the fiscal quarter ending June 30, 2010.  During that conference call, Smyth reported inflated earnings resulted that included over $1,388,000 in improperly recorded revenue.

c.       On or about August 16, 2010, Mr. Isaza Tuzman and Smyth signed KIT Digital's Form 10-Q for the fiscal quarter ending June 30, 2010, which was transmitted electronically to the SEC from New York, New York.

d.      On or about December 10, 2010, [Rima] Jameel and Smyth executed an escrow agreement establishing the U.A.E. escrow account and agreeing to place $7.5 million of KIT Digital funds in the U.A.E. escrow account.

e.      On or about March 16, 2011, Irfan Amanat emailed a false balance confirmation, for the benefit of KIT Digital's auditors, that Enable Maintained an account on KIT Digital's behalf with a balance in excess of $2 million.

f.      On or about March 16, 2011, Mr. Isaza Tuzman and Smyth signed KIT Digital's Form 10-K for the fiscal year ending December 31, 2010, which was transmitted electronically to the SEC from New York, New York.

g.       On or about January 6, 2012, Mr. Isaza Tuzman signed KIT Digital's form 8-K, which was transmitted electronically to the SEC from New York, New York.

h.      On or about March 13, 2012, Jameel emailed a balance confirmation to KIT Digital's independent auditors in which she falsely claimed that the U.A.E. Escrow Account contained approximately $6.1 million.

i.      On or about March 14, 2012, Irfan Amanat caused a false balance confirmation to be emailed, for the benefit of KIT Digital's behalf with a balance in excess of $2 million.

j.      On or about March 30, 2012, Mr. Isaza Tuzman and Smyth signed KIT Digital's Form 10-K for the fiscal year ending December 31, 2011, which was transmitted electronically to the SEC from New York, New York.

k.      On or about April 13, 2012, Mr. Isaza Tuzman caused KIT Capital to wire $3 million to J.B. Legal Consulting to replenish the U.A.E. Escrow Account.

l.      On or about April 19, 2012, Jameel caused J.B. Legal Consulting to wire

$2,999,918 to KIT Digital as a purported release of escrowed funds from the U.A.E. Escrow

Account.

m.      On or about April 20, 2012, Mr. Isaza Tuzman caused KIT Capital to wire $5

million to J.B. Legal Consulting to further replenish the U.A.E. Escrow Account.

n.      On or about April 26, 2012, Jameel caused J.B. Legal Consulting to wire

$4,999,949 million to KIT Digital as a purported release of escrowed funds from the U.A.E.

Escrow Account.

## **<u>AUTHORITY</u>**

S8 Indictment ¶ 143; Adapted from *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 28; *United States v. Steinberg*, S4 12 Cr. 121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint Prop. Jury Charge, at 39-40; *United States v. Rajaratnam*, 09 CR 1184 (RJH) (S.D.N.Y. Apr. 25, 2011), Trial Tr. Jury Charge, at 5638-39, 5642.

**REQUEST NO. 42:  COUNT SIX:  CONSPIRACY TO VIOLATE SECURITIES LAWS—
OBJECTS OF THE CONSPIRACY**

As I have already explained, Count Six charges Mr. Isaza Tuzman with conspiracy with three distinct objectives:  securities fraud; causing KIT Digital to make misstatements in filings with the Securities & Exchange Commission; and making misstatements to KIT Digital's auditors.  In order to convict on Count Six, you do not need to find that the conspirators agreed to commit all three of these offenses.  The government, however, must prove that they agreed to commit at least one of the objectives, and you must unanimously agree on which crime.  You cannot find the defendant guilty of conspiracy on this count unless you unanimously agree that the same federal crime was the objective of the conspiracy.  It is not enough if some of you agree that one of the charged crimes was the objective of the conspiracy and others agree that a different crime was the objective of the conspiracy.

**AUTHORITY**

Third Circuit Pattern Jury Instructions § 6.18.371C.

## REQUEST NO. 43:  COUNT SIX:  MULTIPLE CONSPIRACIES

With respect to Count Six, Mr. Isaza Tuzman contends that the government's proof fails to show the existence of one overall conspiracy, or even separate conspiracies, to commit each of the crimes that the government contends was the object of the conspiracy, namely securities fraud, making false statements to auditors, and making false statements in filings to the Securities & Exchange Commission.

Rather, the government claims that there were several separate and independent conspiracies with various groups of individuals  with respect to each of the transactions that the government has identified in its indictment and in subsequent communications.  Specifically:

1.      The recognition of revenue from a contract with a company called The Country Network.

2.      The recognition of revenue from a contract with a company called Totalmovie.

3.      The recognition of revenue from a contract with a company called Iusacell.

4.      The use of a restructuring fee in a December 2011 transaction with a company called Sezmi.[4]

Under Count 6, the government has also charged Mr. Isaza Tuzman with conspiring to make false statements to KIT Digital's auditors in connection with KIT Digital's investment in the Enable fund run by Omar Amanat and Irfan Amanat.  In connection with this particular factual allegation, the government has not charged Mr. Isaza Tuzman with conspiracy to commit securities fraud or with conspiracy to make false statements in filings to the SEC.

---

[4]   The government has identified other transactions that it wishes to charge under Count Six.  Mr. Isaza Tuzman currently has pending motions to dismiss portions of the indictment that pertain to those additional charges as a violation of the Rule of Specialty, and also as a violation of the government's obligation to limit its case to the bill of particulars it served on May 1, 2017.  Mr. Isaza Tuzman reserves all rights to request additional instructions pertaining to those transactions.

Whether there existed a single unlawful agreement, or many such agreements, or indeed, no agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I gave you and am about to give you.

When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists. By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes.

You may find that there was a single conspiracy despite the fact that there were changes in either personnel or activities, or both, so long as you find that some of the co-conspirators continued to act for the entire duration of the conspiracy for the purpose(s) charged in the indictment. The fact that the members of a conspiracy are not always identical does not necessarily imply that separate conspiracies exist.

On the other hand, if you find that the conspiracies charged in the indictment did not exist, you cannot find any defendant guilty of the single conspiracy charged in the indictment. This is so even if you find that some conspiracy other than the one charged in this indictment existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership. Similarly, if you find that a particular defendant was a member of another conspiracy, and not the one charged in the indictment, then you must acquit the defendant of the conspiracy charge. Therefore, what you must do is determine whether the conspiracy charged in the indictment existed. If it did, you then must determine the nature of the conspiracy and who were its members.

## **AUTHORITY**

Adapted from L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 19-5.

## REQUEST NO. 44:  COUNT SIX:  CONSPIRACY TO VIOLATE SECURITIES LAWS— FIRST OBJECT, SECURITIES FRAUD

The first of those objectives is to commit securities fraud, in violation of 15 U.S.C. § 78j(b), and § 78ff.  I have explained the law of this area.  But, briefly, to convict Mr. Isaza Tuzman of conspiracy to commit securities fraud based on the facts related to this Count, the government must prove beyond a reasonable doubt that Mr. Isaza Tuzman agreed to commit securities fraud.  To do so, the government must prove beyond a reasonable doubt that Mr. Isaza Tuzman had the specific intent to commit each of the elements of the crime of securities fraud.  Those elements are:

First, that in connection with the purchase or sale of securities issued by KIT Digital, the defendant did any one or more of the following:

(1) employed a device, scheme, or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact that made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

Second, that the defendant acted willfully, knowingly, and with the intent to defraud.

Third, that the defendant knowingly used, or caused to be used, any means or instruments of transportation or communication in interstate commerce or the use of the mails in furtherance of the fraudulent conduct.

I have already explained the law of securities fraud to you in connection with Count Four.  Those instructions apply equally here.

## AUTHORITY

L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 57-20.

**REQUEST NO. 45:  COUNT SIX:  CONSPIRACY TO VIOLATE SECURITIES LAWS—
SECOND OBJECT, FALSE STATEMENTS TO THE SECURITIES & EXCHANGE
COMMISSION**

Count Six charges that the second objective of the conspiracy was to make false

statements in filings made to the Securities & Exchange Commission.  Again, to convict on this

charge, you must find beyond a reasonable doubt that Mr. Isaza Tuzman entered into a

conspiracy with the specific intent of making false statements in filings to the Securities &

Exchange Commission, specifically the 10-Q reports and 10-K reports that you heard referred to

during the course of the trial.  The government must also prove that he had the specific intent to

violate each element of the offense.  I will now instruct you on the law regarding making false

statements to the Securities & Exchange Commission

A.      Making False Statements to the Securities & Exchange Commission – Statutes

The relevant statute for this count is Title 15, United States Code, Section 78m(a), which

provides in part:

> Every issuer of a security . . . shall file with the [SEC] . . . such information and
> documents . . . as the [SEC] shall require to keep reasonably current the information and
> documents required to be included in or filed with an application or registration statement
> . . . and such annual reports . . . certified if required by the rules and regulations of the
> [SEC] by independent public accountants, and such quarterly reports . . . as the [SEC]
> may prescribe.

Title 15, United States Code, Section 78ff, establishes the predicate for criminal

prosecution under the relevant act. It provides in part:

> [A]ny person who willfully and knowingly makes, or causes to be made, any statement in
> any application, report, or document required to be filed under this chapter or any rule or
> regulation thereunder . . . which statement was false or misleading with respect to any
> material fact, shall [be guilty of a crime].

**AUTHORITY**

15 U.S.C. §§ 78m(a), 78ff.

B.      Making False Statements to the Securities & Exchange Commission – Elements

To establish a violation by Mr. Isaza Tuzman, the Government must prove that Mr. Isaza Tuzman conspired with others with the specific intent to commit each element of making false statements in filings to the Securities & Exchange Commission ("SEC reports"). The elements of making false statements in filings to the Securities & Exchange Commission are:

First, that the particular KIT Digital SEC reports identified by the government as containing false statements were required to be filed with the SEC;

Second, that that report contained a false or misleading statement of fact;

Third, that the false or misleading statement of fact was material;

Fourth, that the defendant made or caused to be made that false or misleading statement of material fact in the SEC reports; and

Fifth, that the defendant acted knowingly, willfully and with the intent to deceive.

**AUTHORITY**

Adapted from *United States v. Forbes*, No. 02-cr-264 (D. Conn. 2007), Jury Charge at 22.

C.      First Element – Required Filing

The government must first show that KIT Digital was required by the Securities Exchange Act of 1934 to file the document charged in the particular Count.  I instruct you that corporations that have publicly traded securities are required to file documents and reports as prescribed by the SEC.  These include annual reports on Form 10-K and quarterly reports on

Form 10-Q.  Thus, if you find that KIT Digital had publicly traded securities, it was required to file these reports.

**AUTHORITY**

15 U.S.C. §§ 78m(a), 78o(d); 17 C.F.R. §§ 240.13a-1, 13a-13, 15d-1, and 15d-13.

 

D. <u>Second Element – False or Misleading Statement</u>

The second element that the government must prove beyond a reasonable doubt is that KIT Digital's SEC reports contained a false or misleading statement of fact.

A statement is false if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made.  A statement is misleading if it is either an untrue statement as to a material fact or if it omits to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

**AUTHORITY**

Adapted from *United States v. Forbes*, No. 02-cr-264 (D. Conn. 2007), Jury Charge at 23.

 

E. <u>Third Element – Materiality</u>

The third element is that the false or misleading statement must be material.

I have already explained the definition of materiality in connection with Count Four, and you will apply that definition here.

F.      Fourth Element – Caused to be Made

The fourth element that the government must prove beyond a reasonable doubt is that the defendant made or caused to be made the alleged false or misleading statement of material fact in the SEC report at issue.  In this regard, the Government need not prove that the defendant physically made or otherwise personally prepared the statement in question.  It is sufficient to establish this element of the offense if the government proves beyond a reasonable doubt that the defendant caused that false or misleading statement of material fact in the SEC report at issue to be made by others.

The defendant may not be held responsible for any false or misleading statement in an SEC report that he did not make or cause to be made.  If the government proves beyond a reasonable doubt that the SEC report at issue in a count of the indictment contained a materially false or misleading statement, but the government fails to prove beyond a reasonable doubt that the defendant made that statement or caused that statement to be made in the SEC report, you must find the defendant not guilty on that count.

**AUTHORITY**

Adapted from *United States v. Forbes*, No. 02-cr-264 (D. Conn. 2007), Jury Charge at 26.

C.      Fifth Element – Knowingly, Willfully, Intent to Deceive

The last element that the government must prove that Mr. Isaza Tuzman agreed to make (or cause to be made) false or misleading statements knowingly, willfully and with the intent to deceive.

Unlawfully" simply means contrary to law.  "Knowingly" means to act voluntarily and deliberately, and not because of ignorance, mistake, accident, negligence or carelessness or being misled, deceived or having material information withheld from or omitted by someone else. "Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.

I also will remind you that, because this count requires a finding of intent to deceive, good faith is a total defense.  A statement made with good faith belief in its accuracy does not amount to a false statement and is not a crime.  And if Mr. Isaza Tuzman believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime.  This is so even if the statement was, in fact, erroneous. Again, Mr. Isaza Tuzman has no burden to establish a defense of good faith.  The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

**<u>AUTHORITY</u>**

Adapted from L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 3A-1, 3A-3, 8-1.

## REQUEST NO. 46:  COUNT SIX:  CONSPIRACY TO VIOLATE SECURITIES LAWS— THIRD OBJECT, FALSE STATEMENTS TO AUDITORS

The third object of the conspiracy alleged in Count Six is conspiracy to make false statements to KIT Digital's auditors.

A.      Statute

Rule 13b2-2 as promulgated by the Securities & Exchange Commission reads as follows:

No director or officer of an issuer shall, directly or indirectly: (1) Make or cause to be made a materially false or misleading statement . . . or (2) Omit to state, or cause another person to omit to state, any material fact necessary in order to make statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant in connection with: (i) Any audit, review or examination of the financial statements of the issuer required to be made pursuant to this subpart; or (ii) The preparation or filing of any document or report required to be filed with the [SEC] . . . .

Title 15, United States Code, Section 78ff, establishes the predicate for criminal prosecution under the relevant act. It provides in part:

Any person who willfully violates any provision of this chapter (other than section 78dd– 1 of this title), or any rule or regulation thereunder the violation of which is made unlawful or the observance of which is required under the terms of this chapter . . . shall [be guilty of a crime].

## AUTHORITY

15 U.S.C. § 78ff; 17 C.F.R. § 240.13b2-2.

B.      Elements

To meet its burden of proof under, the government must establish, beyond a reasonable doubt, that, as part of the charged conspiracy, Mr. Isaza Tuzman agreed with specific intent to commit each element:

First, KIT Digital was an issuer of securities; and

Second, Mr. Isaza Tuzman was an officer of KIT Digital; and

Third, that Mr. Isaza Tuzman made a false or misleading statement to KIT Digital's auditors, or caused a false or misleading statement to be made to KIT Digital's auditors; and

Fourth, that the false or misleading statement was material; and

Fifth, that the false or misleading statement was made to KIT Digital's auditors in connection with an audit, review or examination of KIT Digital's financial statements or the preparation of one of KIT Digital's public filings with the SEC; and

Sixth, that Mr. Isaza Tuzman acted knowingly and willfully.

I have already defined "materiality" "knowingly," and "willfully."  As I explained, "knowingly" means to act voluntarily and deliberately, and not because of ignorance, mistake, accident, negligence or carelessness or being misled, deceived or having material information withheld from or omitted by someone else.  "Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.  Those definitions apply here.  And, because this allegation requires proof of knowing and willful conduct, good faith is an absolute defense.  Mr. Isaza Tuzman does not have an obligation to prove that he acted in good faith; it is the government's responsibility to show that Mr. Isaza Tuzman did not act in good faith.

This count charges that, as the object of the conspiracy, Mr. Isaza Tuzman agreed to make false statements or omit material facts in two different ways:  First, in connection with the preparation or filing of required SEC reports or documents; or Second, in connection with the preparation of required audits.  The government is not required to prove that Mr. Isaza Tuzman committed fraud in both manners alleged.  However, the government is required to prove that

86

Mr. Isaza Tuzman committed fraud in at least one manner alleged.  To find that the government has proven this, you must agree unanimously on which particular manner the defendant used, as well as all of the other elements of the crime charged.

For example, if some of you were to find that the government has proved beyond a reasonable doubt that the defendant took actions to manipulate, mislead or fraudulently influence independent public or certified accountants engaged in the performance of audits or reviews of financial statements, and the rest of you were to find that the government has proved beyond a reasonable doubt that the defendant made or caused to be made materially false or misleading statements, or omitted or caused to be omitted material facts necessary to make such statements not misleading, to an accountant, then there would be no unanimous agreement on which manner of fraud the government has proved.  On the other hand, if all of you were to find that the government has proved beyond a reasonable doubt that the defendant took actions to manipulate, mislead, and fraudulently influence independent public or certified accountants engaged in the performance of audits or reviews of financial statements, then there would be a unanimous agreement on which manner the government proved.

## AUTHORITY

Adapted from 15 U.S.C. § 78ff; 17 C.F.R. § 240.13b2-2; L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 8-1; *United States v. Wilson*, No. 13-cr-190-SEB-TAB (S.D. Ind. July 25, 2016), Final Jury Instructions, Instr. 14, 15.

## REQUEST NO. 47:  COUNT SIX:  STANDARDS UNCLEAR

As you heard during trial, much of the government's case requires you to determine whether certain accounting decisions made at KIT Digital during Mr. Isaza Tuzman's tenure were appropriate under the circumstances.  If the law or disclosure standards were vague, unclear, or subject to more than one interpretation, or if a person believed that the law or the applicable disclosure standards were ambiguous, vague, unclear, or subject to more than one interpretation, a person cannot be found to have acted knowingly, willfully and with a specific intent to defraud.  That is to say, the person cannot be found to have entered into an agreement to knowingly and willfully achieve any of the unlawful objectives charged in Count Six.  The government thus has the burden of proving beyond a reasonable doubt that the law and the applicable disclosure standards were clear and that the defendant understood the law and the disclosure standards in question. If the government fails to satisfy this burden of proof, you must enter a verdict of not guilty.

## AUTHORITY

*United States v. Whiteside*, 285 F.3d 1345, 1351 (11th Cir. 2002); *United States v. Pirro*, 212 F.3d 86, 90-91 (2d Cir. 2000); *Siddiqi v. United States*, 98 F.3d 1427, 1439 (2d Cir. 1996); *United States v. Migliaccio*, 34 F.3d 1517, 1525 (10th Cir. 1994); *United States v. Levin*, 973 F.2d 463 (6th Cir. 1992); *Funke v. Life Fin. Corp.*, 237 F. Supp. 2d 458, 468-69 (S.D.N.Y. 2002); *SEC v. Price Waterhouse*, 797 F. Supp. 1217, 1241 (S.D.N.Y. 1992) ("no finding of fraud or recklessness can rationally be made" where claims "involved complex issues of accounting as to which reasonable accountants could reach different conclusions").

## REQUEST NO. 48:  COUNT FIVE:  CONSPIRACY TO COMMIT WIRE FRAUD— NATURE OF THE OFFENSE CHARGED

Count Five of the indictment charges that between in or about March 2009 and March 2011, the defendant, Kaleil Isaza Tuzman, conspired to commit wire fraud in violation of Section 1349 of Title 18 of the United States Code.

Section 1349 of Title 18 of the United States Code is the relevant statute for this count. It provides: "Any person who . . . conspires to commit any offense under this chapter shall be [guilty of a crime]."

The defendant is charged with conspiring to commit wire fraud under Section 1343 of Title 18 of the United States Code.  Wire fraud is an "offense under this chapter" as that term is used in Section 1349.

## AUTHORITY

Superseding Indictment ¶¶ 81–82; 18 U.S.C. §§ 1343, 1349.

## REQUEST NO. 49:  COUNT FIVE:  CONSPIRACY TO COMMIT WIRE FRAUD—ELEMENTS OF THE OFFENSE

In order to satisfy its burden of proof for Count Five, the government must establish three essential elements beyond a reasonable doubt:

First, that Mr. Isaza Tuzman and others entered into the unlawful agreement charged in Count Five of the indictment between in or about March 2009 and March 2011:  failing to disclose to KIT Digital's shareholders that KIT Digital's payments to Maiden Capital were not an arms-length relationship, rather were related party transactions.

Second, that Mr. Isaza Tuzman knowingly and willfully became a member of the alleged conspiracy with the specific intent to further the conspiracy's alleged purpose—namely, to defraud KIT Digital shareholders by failing to disclose that KIT Digital's payments to Maiden were not an arms-length relationship, but rather were related party transactions that involved the use of the wires in interstate commerce, as alleged in the indictment.

Third, that during the life of the conspiracy, a conspirator knowingly committed at least one overt act in furtherance of the conspiracy in the Southern District of New York.

If the government fails to prove either of these elements beyond a reasonable doubt, the defendant must be acquitted on Count Five.

## AUTHORITY

*United States v. Allen*, No. 14-cr-062160 (S.D.N.Y. 2016) Jury Instructions at 22–24, 2015 WL 10383124; *United States v. Kenner*, No. 13 CR 0607, 2015 WL 4504039 (E.D.N.Y. July 2015), Jury Instructions at 56–62.

## REQUEST NO. 50:  COUNT FIVE:  CONSPIRACY TO COMMIT WIRE FRAUD—EXISTENCE OF THE CONSPIRACY

A conspiracy is a combination, agreement, or understanding of two or more persons to accomplish, by concerted action, a criminal or unlawful purpose.  For Count Five, the unlawful purpose alleged to be the object of the conspiracy is to mislead KIT Digital Shareholders regarding the nature of KIT Digital's investment in Maiden Capital.

The first element of the crime of conspiracy has two parts:  (i) the agreement and (ii) the unlawful object of the conspiracy.  I have previously instructed you, in the context of Counts Four and Six, on what the government must prove to show that an agreement existed.  Those instructions are equally applicable here, so I will not repeat them.

The second part of the first element relates to the object, or objective, of the conspiracy. According to the Indictment, the object of the conspiracy charged in Count Five was to commit wire fraud by misleading KIT Digital shareholders through material and fraudulent affirmative misrepresentations through the wires.  Because you must also find beyond a reasonable doubt that Mr. Isaza Tuzman agreed to commit wire fraud, I will instruct you shortly on the elements of wire fraud.

## AUTHORITY

S8 Indictment ¶¶ 78-82; adapted from L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 19.4.

## REQUEST NO. 51:  COUNT FIVE:  CONSPIRACY TO COMMIT WIRE FRAUD— KNOWING AND WILLFUL MEMBERSHIP IN THE CONSPIRACY

If you conclude that the government has proven beyond a reasonable doubt that the charged conspiracy existed, and that the conspiracy had as its illegal purpose that charged in the Indictment, then you must next determine the second question:  Whether Mr. Isaza Tuzman participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

The government must prove beyond a reasonable doubt that Mr. Isaza Tuzman knowingly and intentionally entered into the conspiracy with a criminal intent—that is, with a purpose to violate the law—and that he agreed to take part in the conspiracy to promote and cooperate in its unlawful objective.

"Unlawfully," "knowingly," and "willfully" have the same meaning that I provided to you in connection with Counts Four and Six.  "Unlawfully" simply means contrary to law. "Knowingly" means to act voluntarily and deliberately, and not because of ignorance, mistake, accident, negligence or carelessness or being misled, deceived or having material information withheld from or omitted by someone else.  "Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law.  The terms "unlawfully," "knowingly" and "willfully" are intended to ensure that if you find that Mr. Isaza Tuzman joined the conspiracy, you also conclude beyond a reasonable doubt that, in doing so, he knew what he was doing; in other words, that he took the actions in question deliberately and voluntarily, and with full knowledge of the alleged conspiracy's unlawful objective.

As I instructed you in the context of Counts Four and Six, the government must also prove beyond a reasonable doubt that the defendant acted with the same unlawful intent that

must be proved with respect to the alleged object of the conspiracy.  Here, the government

alleges that Mr. Isaza Tuzman conspired to commit wire fraud in violation of Section 1343 of

Title 18 of the United States Code.  Thus, if you find that the government has failed to establish

that the defendant acted with the unlawful intent to commit wire fraud, you must find the

defendant not guilty with respect to Count Five.

Because the government must prove beyond a reasonable doubt that the defendant acted

knowingly, willfully, and with the unlawful intent to establish membership in the conspiracy, the

good faith of the defendant is a complete defense for the defendant.  As I have explained earlier,

it is not the defendant's burden to prove that he acted in good faith.  Rather, it is the

government's burden to prove that Mr. Isaza Tuzman did not act in good faith.

**AUTHORITY**

Adapted from L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 19-6, 8-1; *United States v. Valle*, No. 12-cr-847 (PGG) (S.D.N.Y. Mar. 7, 2013), Jury Instructions at 22-25; *United States v. Torres*, 604 F.3d 58, 65 (2d Cir. 2010).

## REQUEST NO. 52:  COUNT FIVE:  CONSPIRACY TO COMMIT WIRE FRAUD— OVERT ACT

The third element is the requirement of an overt act.  To sustain its burden of proof, the government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of the conspiracy by at least one of the co-conspirators.

I have already explained the requirements for an overt act in connection with Counts Four and Six.  But I will remind you that you must all agree on at least one overt act that a conspirator committed to satisfy this element.  In other word, it is not sufficient for you to agree that some overt act was committed without agreeing on which overt act was committed.

## AUTHORITY

*United States v. Rajaratnam*, No. 09-cr-1184 (RJH) (S.D.N.Y. Apr. 25, 2011), Trial Tr. Jury Charge, at 5638-39, 5642.

## REQUEST NO. 53:  COUNT FIVE:  CONSPIRACY TO COMMIT WIRE FRAUD—WIRE FRAUD

In order to prove Mr. Isaza Tuzman guilty of Count Five, Conspiracy to Commit Wire Fraud, the government must prove that Mr. Isaza Tuzman conspired with others with the specific intent to commit each element of wire fraud.

A.      Statute

The relevant statute on wire fraud is Section 1343 of Title 18 of the United States Code. It provides:

> "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a crime.]"

B.      Elements

In order to sustain this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations, or promises;

Second, that Mr. Isaza Tuzman knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that in the execution of that scheme, the defendant used or caused the use of the interstate or international wires.  An interstate wire must pass between two or more states; for example, between New York and New Jersey.

**AUTHORITY**

Adapted from L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 44-3.

C.       First Element – Scheme to Defraud

The first element that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud KIT Digital's shareholders of money by means of false or fraudulent pretenses, representations, or promises.  This first element is almost self-explanatory.

A "scheme or artifice" is merely a plan for the accomplishment of an object.

A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

"Fraud" is a general term which embraces all the various means which human ingenuity can devise and which are resorted to by an individual to gain an advantage over another by false representations or suggestions, as well as the suppression or deliberate disregard of the truth.  Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception, or swindle.  An integral part of a scheme to defraud is an intent to harm the victim, which the government must prove.  In this case, the scheme to defraud is alleged to have been carried out by making false and fraudulent representations and statements.

A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was falsely made with the intention to deceive.

Deceitful statements of half-truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.

The deception need not be premised upon spoken or written words alone. The arrangement of the words or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished is immaterial.

The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional, or contractual duty to make such a disclosure; the defendant actually knew such disclosure was required to be made; and the defendant failed to make such disclosure with the intent to defraud.

The false or fraudulent representation (or failure to disclose) must relate to a material fact or matter. In the context of wire fraud, a material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision (e.g., with respect to a proposed investment). A scheme to defraud does not exist when the alleged false representations were not directed to the nature of the bargain, or bear on the ultimate value of a transaction.

This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person or investor might have

considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.

In addition to proving that a material statement was false or fraudulent, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of money or property.

However, the government is not required to prove that the defendant personally originated the scheme to defraud. Furthermore, it is not necessary that the government prove that the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

If you find that the government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.

**<u>AUTHORITY</u>**

Adapted from L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 44-4; *United States v. Regent Office Supply Co.*, 421 F.2d 1174, 1182 (2d Cir. 1970); *United States v. Mittelstaedt*, 31 F.3d 1208, 1217 (2d Cir.1994); *United States v. Takjalov*, 827 F.3d. 1307, 1313 (11th Cir. 2016) (But if a defendant does not intend to harm the victim—"to obtain, by deceptive means, something to which [the defendant] is not entitled"—then he has not intended to defraud the victim).

<u>D.      Second Element – Knowingly, Willfully with Specific Intent to Defraud</u>

The second element that the government must prove beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly, willfully, and with specific intent to defraud.

I have already defined "knowingly" and "willfully" for you. "Knowingly" means to act voluntarily and deliberately, and not because of ignorance, mistake, accident, negligence or carelessness or being misled, deceived or having material information withheld from or omitted by someone else. "Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law. In the context of wire fraud, "intent to defraud" goes further and requires proof that the defendant engaged in the fraudulent scheme with some realization of its deceptive character and with the specific intent to deceive for the purpose of causing some financial or property loss to another.

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine. This question involves one's state of mind. Because I already gave you instructions about how proof of one's state of mind can be established, I will not repeat them here.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

Circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime must be established beyond a reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of wire fraud.   A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

To conclude on this element, if you find that the defendant was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you must find the defendant not guilty. On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, namely the existence of the scheme to defraud, but also this second element, that the defendant was a knowing participant and acted with specific intent to defraud, and if the government also establishes the third element, as to which I am about to instruct you, then you have a sufficient basis upon which to convict the defendant.

## AUTHORITY

L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 44-5.

E.   Third Element – Interstate or International Wire

Third, the government must establish beyond a reasonable doubt that the defendant used interstate or international wire communication in furtherance of the scheme to defraud.

The wire communication must pass between two or more states as, for example, a telephone call between New York and New Jersey; or it must pass between the United States and a foreign country, such as a telephone call between New York and London.  A wire communication also includes a wire transfer of funds between banks in different states or between a bank in the United States and a bank in a foreign country.

The use of the wires need not itself be a fraudulent representation.  It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is proven to have participated.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others.  This does not mean that the defendant must specifically have authorized others to transfer the funds or send a false account balance.  If someone acts with knowledge that the use of the wires will follow in the ordinary course of business or where such use of the wires can reasonably be foreseen—even though not actually intended—then he causes the wires to be used.

With respect to the use of the wires, the government must establish beyond a reasonable doubt the particular use charged in the indictment.  However, the government does not have to prove that the wires were used on the exact date charged in the indictment.  It is sufficient if the evidence establishes beyond a reasonable doubt that the wires were used on a date substantially similar to the dates charged in the indictment.

## **AUTHORITY**

Adapted from L. Sand, et al., Modern Fed. Jury Inst. - Crim., Instr. 44-7.

## REQUEST NO. 54:  VENUE

In addition to the foregoing elements of these offenses, you must consider whether any act in furtherance of the crime occurred within the Southern District of New York.

You are instructed that the Southern District of New York encompasses Manhattan, the Bronx, Westchester, Putnam, Rockland, Orange, Duchess, and Sullivan Counties.

In this regard, the government need not prove that the crime itself was committed in this district or that the defendant himself was present here.  It is sufficient to satisfy this element if any act in furtherance of the crime occurred within this district.  The government must prove this element beyond a reasonable doubt.  So, if you find that the government has failed to prove that any act in furtherance of the crime occurred within this district—or if you have a reasonable doubt on this issue—then you must acquit.[5]

## AUTHORITY

Adapted from L. Sand, et al., Modern Fed. Jury Inst. - Crim., Inst. 3-11.

---

[5]  The Second Circuit has held that venue need only be proven by a preponderance of the evidence. *See United States v. Rommy*, 506 F.3d 119 (2d Cir. 2007). In light of *Blakely v. Washington*, 542 U.S. 296 (2004), however, every issue must be proven beyond a reasonable doubt, so defendants seek to preserve this argument for en banc or certiorari review.

## REQUEST NO. 55:  WITNESS NOT EQUALLY AVAILABLE TO DEFENDANT

[if applicable]

You have heard evidence about a [number of] witness[es] who [has/have] not been called to testify.  The defense has argued that the witness[es] could have given material testimony in this case and that the Government was in the best position to produce [this/these] witness[es].

If you find that [this/these] uncalled witnesses could have been called by the Government and would have given important new testimony, and that the Government was in the best position to call [him/them], but failed to do so, you are permitted, but are not required, to infer that the testimony of the uncalled witness would have been unfavorable to the Government.

In deciding whether to draw an inference that the uncalled witness[es] would have testified unfavorably to the Government, you may consider whether the witness[es]' testimony would have merely repeated other testimony and evidence already before you.

## AUTHORITY

Adapted from L. Sand, et al., Modern Fed. Jury Inst. – Crim., Inst. 6-5; *United States v. Steinberg*, S4 12 Cr. 121 (RJS) (Nov. 6, 2013), Joint Prop. Jury Charge, at 45.

## REQUEST NO. 56: DEFENDANT'S RIGHT NOT TO TESTIFY

[if applicable]

Neither Mr. Isaza Tuzman nor Mr. Amanat testified in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant's guilt beyond a reasonable doubt. That burden remains with the Government throughout the trial and never shifts to the defendant. Neither Mr. Isaza Tuzman nor Mr. Amanat is required to prove that he is not guilty.

You may not attach any significance to the fact that Mr. Isaza Tuzman or Mr. Amanat did not testify. You may not draw any inference against them because they did not take the witness stand. You may not speculate as to why Mr. Isaza Tuzman or Mr. Amanat did not testify, and you may not consider this against Mr. Isaza Tuzman or Mr. Amanat in any way in your jury deliberations.

## AUTHORITY

Adapted from *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 16; *United States v. Steinberg*, S4 12 Cr. 121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint Prop. Jury Charge, at 46 & n.43.

## REQUEST NO. 57: DEFENDANT'S TESTIMONY

[if applicable]

A defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the Defendant is presumed innocent.  In this case, Mr. Isaza Tuzman and Mr. Amanat did testify and they were subject to cross-examination like any other witness.  You should examine and evaluate their testimony just as you would the testimony of any witness with an interest in the outcome of the case.  You should not disregard Mr. Isaza Tuzman's testimony or Mr. Amanat's testimony simply because they are charged as the defendants in this case.

The fact that Mr. Isaza Tuzman and Mr. Amanat elected to testify does not shift the burden of proof to them.

The burden remains at all times on the Government to prove all the elements of the offense beyond a reasonable doubt.  As I stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or of producing any evidence.

## AUTHORITY

Adapted from L. Sand, et al., Modern Fed. Jury Inst. – Crim., Inst. 7-4 (following *Gaines*); *United States v. Steinberg*, S4 12 Cr. 121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint Prop. Jury Charge, at 46-47; *United States v. Gaines*, 457 F.3d 238, 249 n.9 (2d Cir. 2006) (utilizing this model language).

## REQUEST NO. 58:  EXPERT TESTIMONY

You have heard from what we call expert witnesses.  Expert witnesses are witnesses who, by education or experience, have acquired learning in a science or a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be experts and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education, experience, or data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt his or her conclusions, you would be justified in placing great reliance on the expert's testimony.

## AUTHORITY

Adapted from L. Sand, et al., Modern Fed. Jury Inst. – Crim., Inst. 7-21; *United States v. Steinberg*, S4 12 Cr. 121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint Prop. Jury Charge, at 51.

## REQUEST NO. 59:  DUTY TO DELIBERATE/UNANIMOUS VERDICT

Your function is to weigh the evidence in this case and to decide whether the Government has proven beyond a reasonable doubt each of the essential elements of the crimes with which Mr. Isaza Tuzman and Mr. Amanat are charged.  If the Government has succeeded in meeting its burden, your verdict should be guilty; if it has failed to so, it should be not guilty. You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views.  Every juror should be heard.  No one juror should hold center stage in the jury room and no one juror should control or monopolize the deliberations.

Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy or to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Your verdict must be unanimous as to each count in the Indictment.  However, you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

But you should not hesitate to change an opinion which, after discussion with your fellow jurors, appears erroneous.  However, if, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your conviction simply because you are outnumbered.

Remember at all times, you are not partisans.  You are judges—judges of the facts.  Your sole interest is to determine whether the Government has proven Mr. Isaza Tuzman's guilt and Mr. Amanat's guilt beyond a reasonable doubt.

If you are divided, do not report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

## AUTHORITY

L. Sand, et al., Modern Fed. Jury Inst. – Crim., Inst. 9-7; *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 35-36.

## <u>REQUEST NO. 60:  DUTIES OF FOREPERSON</u>

When you get into the jury room, before you begin your deliberations, you should by your own vote select one of your members to sit as your foreperson.  The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

## <u>AUTHORITY</u>

Adapted from L. Sand, et al., Modern Fed. Jury Inst. – Crim., Inst. 9-5; *United States v. Valle*, 12 CR 0847 (PGG) (S.D.N.Y. Mar. 7, 2013), Trial Jury Charge, at 36-37; *United States v. Steinberg*, S4 12 Cr. 121 (RJS) (S.D.N.Y. Nov. 6, 2013), Joint Prop. Jury Charge, at 54.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 5, 2017, I caused a true and correct copy of the foregoing to be served by electronic means, via the Court's CM/ECF system, on all counsel registered to receive electronic notices.

*/s/ Avi Weitzman*
Avi Weitzman
