

RANDALL W. JACKSON
Tel.: (212) 303-3650
E-mail: rjackson@bsfllp.com

September 19, 2017

**BY ECF AND FAX**
Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *United States v. Kaleil Isaza Tuzman, et al.*, 15 Cr. 536(PGG)

Dear Judge Gardephe:

      This letter is respectfully submitted in response to the Requests to Charge of the Government and Defendant Isaza Tuzman. First, Mr. Amanat joins all of the requests of Mr. Isaza Tuzman where applicable. For clarity, among other requests we join, Mr. Amanat requests that Mr. Isaza Tuzman's Proposed Wire Fraud and Multiple Conspiracies instructions also be utilized for the counts involving only Mr. Amanat. Mr. Amanat objects to several aspects of the Government's proposed jury instructions, as described below.

      **A.**    **Request No. 15 – Aiding and Abetting**

      The Government's proposed general aiding and abetting instructions are deficient in that they conflate the requirements under Count Two and Three. The problems specific to Count Three are addressed in more detail below, but generally speaking, the references to Count Three should be removed from the general aiding and abetting instruction. In addition, given the context of the case, the instruction should include language that makes clear that the failure to report a felony, standing alone, does not constitute a crime. That is, while the Government's aiding and abetting instruction makes clear that "mere presence . . . even couple with knowledge by the defendant that a crime is being committed" is insufficient, it improperly leaves out the fact that failure to report a felony is not a crime, and that a person who becomes aware of a crime is under no duty to either stop or report it. *See, e.g., United States v. Zimmerman*, 943 F2d 1204, 1214 (10th Cir. 1991) ("It is well established that a person who sees a crime being committed has no legal duty to either stop it or report it."); *United States v. Goldberg,* 862 F.2d 101, 104 (6th Cir.1988) ("Mere knowledge of the commission of the felony **or failure to report the felony, standing alone**, is insufficient to support a conviction for a misprision of a felony"); *United States v. Baumgartner*, No. 3:12–CR–60, 2012 WL 4889198 at *7 (E.D. Tenn. 2012) ("Mere failure to report a felony is not a crime") (citing Circuit pattern jury instructions). To the extent that the Court does not include this language as part of the Aiding and Abetting instruction, Mr. Amanat respectfully submits that it should be included as a stand-alone instruction given the potential confusion regarding this issue.



### B.     Count Three – Aiding and Abetting Investment Advisor Fraud

The Government's proposed Count Three Aiding and Abetting instructions suffer from a number of deficiencies that must be addressed by the Court. First, the Government has identified in its Request No. 18, "Fiduciary Duty," that central to the crime of Investment Adviser Fraud is fiduciary duty. They have offered no explanation, however, of how the jury is required to incorporate this fact into the aiding and abetting calculus. The Supreme Court has observed that "[t]he Investment Advisers Act of 1940 . . . reflects a congressional recognition 'of the delicate fiduciary nature of an investment advisory relationship.'" *See Securities and Exchange Commission v. Capital Gains Research Bureau, Inc.*, 375 U.S. 180, 191 (1963). Not one of the cases cited by the Government in support of its instruction on aiding and abetting Investment Advisor Fraud is a case that involves aiding and abetting Investment Advisor Fraud. *See* Gov. RTC No. 19 (citing *United States v. Tagliaferri*, 13 Cr. 115 (S.D.N.Y. 2014) (prosecution of an investment advisor for principal liability); *United States v. Alberto Vilar and Gary Tanaka*, 05 Cr. 621 (RJS) (prosecution of two investment advisors for principal liability); *United States v. Vilar*, 820 F.3d 568, 569 (2d Cir. 2016) ("James Tagliaferri founded Taurus Advisory Group in 1983 as a boutique investment advisory firm located in Stamford, Connecticut . . . . Tagliaferri personally had primary investment authority over the vast majority of the managed assets of the firm, which totaled around $252 million among 115 client accounts"); *United States v. Vilar*, 729 F.3d 62, 68 (2d Cir. 2013) ("It is fair to say that, from the mid–1980s until their arrest in 2005, Vilar and Tanaka were prominent investment managers and advisers. Prior to the technology market crash of 2000–2001, they were responsible for managing approximately $9 billion in investments for their clients.").

The entirety of the Government's instructions on Count Three suffer from this deficiency – the Government's request on what the jury must conclude in terms of what Mr. Amanat knew with regarding to Mr. Maiden's status as an investment advisor is based entirely on *Tagliaferri* and is thus unhelpful. *See* Gov. RTC No. 20. Similarly, the Government's Request on Intent is based on *Tagliaferri* and a portion of Modern Federal Jury Instructions that is not instructive. *See* Gov. RTC No. 22. For the critical fifth element of Count Three – the element the Government identifies as "Aiding and Abetting," the Government relies principally on *United States v. Stanchich*, 550 F.2d 1294 (2d Cir. 1977). The Government has not even provided a pin cite on *Stanchich*, so their citation is opaque, but *Stanchich* cannot give us any meaningful instruction on aiding and abetting liability for the complex, duty-based, crime of investment advisor fraud. *Stanchich* has nothing to do with investment advisor fraud – in that case the defendant was convicted "on two substantive counts of an indictment for counterfeiting. One count charged him and Alan Michael Fitzgerald with having possessed, passed and attempted to sell a $100,000 counterfeit treasury bill in violation of 18 U.S.C. ss 472 and 2; another count charged them with transferring and delivering the same bill in violation of 18 U.S.C. ss 473 and 2." *See id.* at 1295. The Court of Appeals, near the end of the opinion, endorsed a very basic aiding and abetting instruction for an entirely different category of crime. *See id.* at 1300. The other case on which the Government relies, *United States v. Labat*, 905 F.2d 18, 23 (2d Cir. 1990), is a narcotics prosecution. None of that is instructive here at all.

There is a simple reason that the Government has failed to identify any cases where an individual has been convicted of Investment Advisor Fraud on a pure aiding and abetting theory:



it seems that no one has ever been convicted of Investment Advisor Fraud on a pure aiding and abetting theory. The reason for this would seem to be that, at a minimum, the Government needs demonstrate that: (1) the defendant had knowledge of the investment advisor's fiduciary duty to his clients; (2) the defendant had knowledge of the full scope of disclosures and omissions relevant to the investment advisor's fraud against his clients; (3) the defendant had the specific intent to aid in that criminal violation of the investment advisor's fiduciary duty to his clients, and not simply aid in some other generalized crime. *See Tagliaferri*, 820 F.3d at 575 (noting that the intent requirements of investment advisor fraud are rooted in "the special context of a fiduciary relationship"); *see also United States v. Lucarelli*, 476 F.Supp.2d 163, 168 (D. Conn. 2007) (granting motion for judgment of acquittal where court provided insufficient aiding and abetting instruction in securities fraud case, noting "the Court's charge to the jury on aiding and abetting did not explicitly instruct that in order to be guilty of aiding and abetting securities or mail fraud, Mr. Lucarelli must have had a specific intent to defraud the NHSB and/or its depositors").

In *Lucarelli*, the court provided an instructive discussion of aiding and abetting liability in the context of a specific intent crime like securities fraud, which is significantly less complex in terms of the duty involved and thus the specific intent that the Government must demonstrate than the crime charged in Count Three. The court instructed:

> [B]oth sides now appear to be in at least marginal agreement that a finding of specific intent to defraud the NHSB and/or the depositors was required for a fraud conviction, even on an aiding and abetting theory: defense counsel made this contention after the charge was given and the case submitted to the jury, in summarizing his objections to the Court's charge; the Government at oral argument on defendant's post-trial motions agreed that the required intent of a principal and an aider and abettor is "essentially," if not "precisely," the same, and admitted that any distinction between the two may be one "without a difference." And, with the 20/20 vision of hindsight, the Court agrees that the defendant's position with respect to the aiding and abetting charge is correct and that the jury's special interrogatory answers illustrate that the charge was insufficiently tailored to the novel circumstances of this prosecution.
> **The comment to the proposed model jury charge for aiding and abetting in Sand, Modern Federal Jury Instructions Criminal (2006) ("Sand"), states that "[i]n order to associate oneself with the underlying crime, the defendant must have shared the principal's criminal intent."** Sand, Instruction 11-2, cmt. at 11-11 (citing, inter alia, *United States v. Evans-Garcia*, 322 F.3d 110, 114-15 (1st Cir.2003); *United States v. Sayetsitty*, 107 F.3d 1405, 1412 (9th Cir.1997) (elements of conviction under an aiding and abetting theory include "that the accused had the specific intent to facilitate the commission of a crime by another" and "that the accused had the requisite intent of the underlying substantive offense")). This position is also supported by Second Circuit authority. . . . These cases show that the nuanced distinction the Government attempted to draw at oral argument by referring to the more general language of cases such as *United States v. Reifler*, 446 F.3d 65, 96 (2d Cir.2006), *United States v. Samaria*, 239 F.3d 228, 235 (2d Cir.2001), and *United States v. DeFiore*, 720 F.2d 757, 763-64 (2d Cir.1983), for the proposition that an aider and abettor must only act "with the



specific purpose of bringing about the underlying crime," *Samaria*, 239 F.3d at 235, particularly in the context of a specific intent crime such as fraud (conviction of which as a principal requires specific intent to defraud another of money and/or property), is one without a difference. While the language of the cases cited by the Government parallels the essence of the Court's charge, it does not alter the intent proof required and it fails to articulate the required shared intent between aider and abettor and principal. Accordingly, the language of the Court's charge, while technically correct, did not suffice for purposes of adequately guiding the jury in a case such as this one.

*Id.* at 168-69 (emphasis added). In sum, the Government's instructions are clearly incorrect and insufficient. Mr. Amanat requests that the Court alter the requested instructions in its charge to appropriately reflect to requisite mens rea as described above.

      C.      **Uncalled Witnesses – Equally Available to Both Sides**

Mr. Amanat objects to Government Request Number 43. In a case involving conduct on multiple continents and cooperating witnesses, Mr. Amanat submits that this instruction would be improper. The defendants do not possess a number of relevant powers with regard to procuring witnesses in a case such as this one: (1) the ability to use the authority of the U.S. Government to coordinate with international law enforcement; (2) the ability to extradite witnesses and threaten extradition against others; and (3) the ability to immunize witnesses and offer benefits for cooperation such as shortened prison sentences. However common this instruction might be and however proper it might be in a simple case, it is simply a fraud upon the jury in a case like the instant one. The court should decline to give it.

                                                                                 Respectfully submitted,

                                                                                /s/  Randall W. Jackson
                                                                               Randall W. Jackson