# Exhibit A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 21, 2017

BY E-MAIL

Avi Weitzman, Esq.
Gibson, Dunn, & Crutcher LLP
200 Park Avenue
New York, New York 10166

Eric M. Creizman, Esq.
Creizman LLC
565 Fifth Avenue
New York, New York 10017

> Re:   United States v. Tuzman et al.
>       S8 15 Cr. 536 (PGG)

Dear Counsel:

Pursuant to the Court's August 10, 2017 Order and Federal Rule of Criminal Procedure 16(a)(1)(G), the Government hereby provides notes that it anticipates calling the following as witnesses in the upcoming trial in this matter

1.   Adoria Lim

The Government anticipates calling Adoria Lim, of The Brattle Group, Inc. ("Brattle"), as an expert witness, pursuant to Rule 16(a)(1)(6).  Ms. Lim's qualifications are set forth in her curriculum vitae, which is attached.

Ms. Lim will testify at trial regarding the following topics:

(a)   the SEC filing requirements for public companies, including the requirements governing the filing of Forms 10-K, 10-Q, 8-K, and accompanying certifications;

(b)   background and explanation of Generally Accepted Accounting Principles ("GAAP"), including, but not limited to, the following topics:

   1.   financial accounting and reporting for revenue recognition, including, but not limited to, Accounting Standards Codification ("ASC") 605 (Revenue Recognition), Accounting Standards Update ("ASU") 2009-13 (Multiple-

Deliverable Revenue Arrangements), SEC Staff Accounting Bulletin ("SAB") Topic 13: Revenue Recognition, and related or previously related standards;

2.   financial accounting and reporting for accounts receivable, including, but not limited to, ASC 310 (Receivables), ASC 450 (Contingencies), and related or previously related standards;

3.   financial accounting and reporting for business combinations, including, but not limited to, ASC 805 (Business Combinations), and related or previously related standards;

4.   financial accounting and reporting for restructuring costs, including, but not limited to, ASC 420 (Exit or Disposal Cost Obligations), and related or previously related standards;

5.   disclosures in SEC filings and financial statements, including, but not limited to, ASC 235 (Notes to Financial Statements), ASC 850 (Related Party Disclosures), and related or previously related standards; and

6.   materiality, including, but not limited to, SEC Staff Accounting Bulletin No. 99 (Materiality), and related or previously related standards; and

(c)   background and explanation of Generally Accepted Audit Standards ("GAAS"), including, but not limited to, AU 316 (Consideration of Fraud in a Financial Statement Audit), AU 317 (Illegal Acts by Clients), AS No. 18 (Related Parties), AU 333 (Management Representations), AU Section 330 (The Confirmation Process), PCAOB AS No. 11 (Consideration of Materiality in Planning and Performing an Audit), and related or previously related standards.

We do not currently anticipate that Ms. Lim will offer any opinion on the defendants' conduct or the facts underlying the S8 Indictment.

2.   Peter Melley

The Government hereby provides notice that it anticipates calling Peter Melley, of the Financial Industry Regulatory Authority ("FINRA"), as a fact and summary witness. Mr. Melley's curriculum vitae is attached.

Mr. Melley will testify at trial regarding the following topics:

(a) FINRA's licensing tests and requirements, including, but not limited to, FINRA's rules, central registration depository ("CRD"), and industry practices of, and standards applicable to, investment advisers; and

(b) summary exhibits describing analysis of trading in KIT digital, Inc. ("KITD") stock during the timeframes relevant to the charges in the S8 Indictment, including trading by Stephen Maiden. Such charts have not yet been prepared but will be provided prior to trial.

We do not currently anticipate that Mr. Melley will offer any opinion on whether any allegations in the S8 Indictment constitute a violation of any laws, rules, regulations, or industry standards.

The Government does not intend to offer this witness as an expert witness, as the Government does not consider such fact or summary witness testimony to constitute expert testimony. However, in an abundance of caution, the Government hereby gives notice, pursuant to Rule 16(a)(1)(G), that it is prepared to qualify Mr. Melley as an expert under Federal Rule of Evidence 702 in the event that it is deemed necessary to do so.

3.      Zachary Greenwood

The Government anticipates calling Zachary Greenwood, a Forensic Computer Analyst at the United States Postal Inspection Service, as a fact witness. Mr. Greenwood's curriculum vitae is attached.

Mr. Greenwood will testify at trial regarding the following topics:

(a) the examination of a computer belonging to Robin Smyth; and

(b) the documents recovered from Smyth's computer.

The Government does not intend to offer this witness as an expert witness, as the focus of his testimony will be on what he found on Smyth's computer, rather than any area of specialized knowledge on which he relied in conducting his examination. *See United States* v. *Berry*, 318 Fed. App'x 569, 569 (9th Cir. 2009) (agent's testimony not expert testimony where he "simply testified to what he found on the [defendant's] hard drive . . . , without expressing an opinion that required specialized knowledge or offering insight beyond common understanding"); *United States* v. *Scott-Emuakpor*, 2000 WL 288443, at *12 (W.D. Mich. 2000) ("The question before the Court at this time is not whether these witnesses have the expertise, for example, to develop sophisticated software programs. The question is whether they have the skill to find out what is on a hard drive or a zip drive. Apparently, they have this skill because they determined what was on the drives. By analogy, a person need not be an expert on English literature in order to know how to read."). However, in an abundance of caution, the Government hereby gives notice, pursuant to Rule 16(a)(1)(G), that it is prepared to qualify Mr. Greenwood as an expert under Federal Rule of Evidence 702 in the event that it is deemed necessary to do so.

4.      Mark Scichilone

The Government anticipates calling Mark Scichilone, a Forensic Computer Analyst at the United States Postal Inspection Service, as a fact witness.  Mr. Scichilone's curriculum vitae is attached.

Mr. Scichilone will testify at trial regarding the following topics:

(a)  the examination of a computer belonging to Robin Smyth; and

(b)  the documents recovered from Smyth's computer.

For the same reasons set forth above, the Government does not intend to offer this witness as an expert witness, as the focus of his testimony will be on what he found on Smyth's computer, rather than any area of specialized knowledge on which he relied in conducting his examination.  However, in an abundance of caution, the Government hereby gives notice, pursuant to Rule 16(a)(1)(G), that it is prepared to qualify Mr. Scichilone as an expert under Federal Rule of Evidence 702 in the event that it is deemed necessary to do so.

*      *      *

The Government reserves the right to supplement and/or amend Ms. Lim's, Mr. Melley's, Mr. Greenwood's, and Mr. Scichilone's anticipated testimony and to call additional experts in its case-in-chief or rebuttal case, including in response to the defendants' experts or case.

Very truly yours,

JOON H. KIM
Acting United States Attorney


By:      /s/
         Damian Williams
         Andrea M. Griswold
         Joshua A. Naftalis
         Assistant United States Attorneys
         (212) 637-2298/1205/2310