# **<u>Exhibit B</u>**

# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Avi Weitzman
Direct: +1 212.351.2465
Fax: +1 212.351.5265
AWeitzman@gibsondunn.com

August 22, 2017

**VIA EMAIL**

Damian Williams, Esq.
Andrea Griswold, Esq.
Joshua Naftalis, Esq.
United States Attorney's Office
Southern District of New York
One Saint Andrew's Plaza
New York, N.Y.  10007

Re:     *Expert Disclosures in United States v. Kaleil Isaza Tuzman, No. S8 15 Cr. 536 (PGG)*

Dear Counsel:

We represent Kaleil Isaza Tuzman in this action and write regarding the government's August 21, 2017 letter regarding expert witness disclosures.  The letter, which purports to satisfy the government's obligations under Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, provides none of the detail required by the rule to put Mr. Isaza Tuzman on notice as to the actual opinions and testimony that the four witnesses identified in the government's letter will provide at trial.  We therefore request that the government immediately issue supplemental disclosures that fully articulate the opinions and testimony of each witness the government may seek to qualify as an expert.  In order not to further prejudice the defense, please provide this disclosure by close of business on Wednesday, August 23, 2017.  Unless such a disclosure is forthcoming, we will be forced to seek relief from the Court to preclude any testimony from these witnesses.

Rule 16(a)(1)(G) provides:

> At the defendant's request, the government must give to the defendant ***a written summary of any testimony*** that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. . . .  The summary provided under this subparagraph must describe the ***witness's opinions, the bases and reasons for those opinions,*** and the witness's qualifications.

(emphasis added).  This provision "is intended to minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16 advisory committee notes.

As the rule's plain text makes clear, a Rule 16 expert disclosure must actually state the expert's conclusions.  *See United States v. Valentin*, 2016 WL 1211304, at *2–3 (D. Conn. Mar. 25, 2016); *United States v. Wilson*, 493 F. Supp. 2d 484, 487 (E.D.N.Y. 2006).  Stated differently, it is not

**GIBSON DUNN**

sufficient to "merely identify[] the general topics about which the expert will testify." *United States v. Baker*, 2016 WL 7176588, at *1 (E.D.N.Y. Dec. 8, 2016); *see also Valentin*, 2016 WL 1211304, at *2–3; *United States v. Ulbricht*, 2015 WL 413318, at *6 (S.D.N.Y. Feb. 1, 2015).

The government's expert disclosures fall far short of Rule 16's requirements.  Most glaringly deficient is the fact that *none* of the government's disclosed expert witnesses has bothered to share any of their opinions or a "summary of any testimony" they intend to offer, let alone the bases for those opinions and testimony.  Fed. R. Crim. P. 16(a)(1)(G).  The government has instead proffered a series of bullet points that do nothing more than outline the general subject matters about which each expert might testify.  For example, the government's disclosures regarding Ms. Lim indicate that she will testify regarding "topics" such as "SEC filing requirements," GAAP accounting principles, GAAS auditing standards, and certain particular accounting rules and standards, of which the government appears to provide only a partial list (e.g., testimony to reference topics "including, but not limited to," and "related or previously-related standards").  Nowhere in this list of broad topics does the government suggest what Ms. Lim's opinions and testimony might be about these accounting principles and standards.  Indeed, the only place in which the word "opinion" is mentioned is to clarify that she "will not offer any opinion" on the facts of this case, which, of course, does not relieve the government of disclosing her actual opinions and testimony.

The disclosures related to Peter Melley are even more infirm.  Disclosing that an expert intends to testify about "industry practices of, and standards applicable to, investment advisors" provides no guidance as to what his testimony actually will be, or sufficient notice to permit the defense to notice a responsive expert.  Moreover, the fact that summary exhibits have not yet been prepared does not relieve the government of its obligation to disclose a summary of Mr. Melley's testimony regarding his analysis of trading in KITD stock.

And, the disclosures related to Messrs. Greenwood and Scichilone are similarly inadequate.  If the government intends to reserve the right to notice either as an expert witness under FRE 702, it must provide a summary of their testimony and opinions.  The government has not done so.  Nor does the government's disclosure remotely explain how these two witnesses testimony is not cumulative, as the description of the topics of their testimony are verbatim identical.

In light of these clear violations of Rule 16, we request that the government supplement its expert disclosures by close of business on Wednesday, August 23, 2017.  If the government fails to do so, we plan to seek relief from the Court, including preclusion sanctions.  In addition, we reserve the right to seek an extension on the defense's deadline to notice responsive expert testimony in light of the inadequate disclosures in the government's August 21 disclosures.

Regards,

*/s/ Avi Weitzman*

Cc:     All Counsel of Record (*via email*)