# Exhibit C



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 26, 2017

BY E-MAIL

Avi Weitzman, Esq.
Gibson, Dunn, & Crutcher LLP
200 Park Avenue
New York, New York 10166

Eric M. Creizman, Esq.
Creizman LLC
565 Fifth Avenue
New York, New York 10017

    Re: United States v. Tuzman et al.
       S8 15 Cr. 536 (PGG)

Dear Counsel:

  We write in response to defendant Tuzman's August 22, 2017 letter regarding the Government's August 21, 2017 expert disclosure. As set forth below, the Government has fully complied with its obligations under Rule 16(a)(1)(G). We nevertheless supplement our disclosures in an effort to avoid unnecessary motions practice on the issues you raise.

    Adoria Lim

  With respect to Ms. Lim and the summary of her testimony already provided, the Government provides the following supplementary information.

  Ms. Lim will explain certain fundamentals of the securities industry that are not seriously in dispute. She will describe what a stock is, how shares of a stock are issued, the need for publicly traded shares to be registered, and how and where such shares may be traded. Ms. Lim will also explain that publicly traded companies are required to file Forms 10-K, 10-Q, and 8-K and accompanying certifications. She will explain how Forms 10-Q are filed quarterly and Forms 10-K are filed annually and that these filings contain information about a company's financial performance for the relevant timeframe, including information relating to revenue, earnings, and net income. She will explain how Forms 8-K are filed to disclose a company's current reports, including business combinations.

  Ms. Lim will further testify about certain fundamentals of Generally Accepted Accounting Principles ("GAAP"), including, but not limited to, the following:

- Ms. Lim will summarize and explain the concept of revenue recognition. She will testify that in order for revenue to be recognized appropriately under GAAP, (a) persuasive evidence of an arrangement for the sale/purchase of goods or services must exist, (b) the goods at issue must have been actually delivered or the service at issue must have been actually performed, (c) the seller's price to the buyer must be fixed or determinable, and (d) collectability must be reasonably assured. Ms. Lim will describe this concept in the context of, and with reference to, the requirements and guidance set forth in ASC 605 (Revenue Recognition), ASU 2009-13 (Multiple-Deliverable Revenue Arrangements), and SEC SAB 13: Revenue Recognition, and related or previously related standards.

- Ms. Lim will summarize and explain the concept of receivables, including the requirements for a receivable, recognizing an allowance relating to a receivable, and otherwise accounting for receivables and allowances for uncollectible accounts. Ms. Lim will explain that receivables are generally recorded as assets on a company's balance sheet, and that they may arise from credit sales, loans, or other transactions. Ms. Lim will testify that if it is probable that the gross amount of the accounts receivable will not be collected and if the amount of the loss is reasonably estimable, then an allowance for uncollectible accounts must be recognized on the company's balance sheet. Ms. Lim will describe this concept in the context of, and with reference to, the requirements and guidance set forth in ASC 310 (Receivables), and ASC 450 (Contingencies), and related or previously related standards.

- Ms. Lim will summarize and explain the concept of business combinations, including, but not limited to, the requirements for recognizing, accounting, and reporting for the consideration transferred, the assets acquired, and the liabilities assumed by the acquirer. Ms. Lim will testify that the restructuring costs anticipated to be incurred as a result of a business combination should be recognized separately from the business combination. Ms. Lim will describe these this concept in the context of, and with reference to, the requirements and guidance set forth in ASC 805 (Business Combinations), and related or previously related standards.

- Ms. Lim will summarize and explain the concept of restructuring costs, including, but not limited to, the requirements for recognizing, accounting, and reporting for restructuring costs, including those anticipated to be incurred as a result of a business combination. Ms. Lim will testify that a restructuring cost is defined as an expenditure for a program that materially changes either the scope of a business undertaken by an entity, or the manner in which that business is conducted. Ms. Lim will describe this concept in the context of, and with reference to, the requirements and guidance set forth in ASC 420 (Exit or Disposal Cost Obligations), and related or previously related standards.

- Ms. Lim will summarize and explain the disclosure requirements in financial statements with regard to related party transactions. Ms. Lim will testify that disclosures regarding related party transactions should include the nature of the relationship(s) involved, a description of the transactions, including, the dollar amounts of transactions, and the amounts due from or to related parties. Ms. Lim will describe this concept in the context of, and with reference to, the requirements and guidance set forth in ASC 235 (Notes to Financial Statements), ASC 850 (Related Party Disclosures), and related or previously related standards.

Please also note that the Government no longer anticipates that Ms. Lim will testify about the principle of materiality or SEC Staff Accounting Bulletin 99. Additionally, Government no longer anticipates that Ms. Lim will testify about Generally Accepted Audit Standards ("GAAS").

As the Government has already disclosed, "[w]e do not currently anticipate that Ms. Lim will offer any opinion on the defendants' conduct or the facts underlying the S8 Indictment."

Peter Melley

As we advised you, Mr. Melley will be testifying as a fact and summary witness, not an expert witness. Similar testimony by Mr. Melley and other FINRA witnesses is routinely admitted in this District in securities fraud cases as such, and not as expert testimony. *See*, *e.g.*, *United States* v. *Lumiere*, 16 Cr. 483 (JSR); *United States* v. *Walters*, 16 Cr. 338 (PKC); *United States* v. *Durante*, 15 Cr. 171 (AJC). To the extent you have contrary authority, please provide it.

The Government no longer anticipates that Mr. Melley will testify about industry practices of, and standards applicable to, investment advisers.

Greenwood and Scichilone

As we also advised you, Messrs. Greenwood and Scichilone will be testifying as lay witnesses, not expert witnesses. Our August 21 letter cited authority that such routine testimony is not expert testimony, which your August 22 letter does not address. *See United States* v. *Berry*, 318 Fed. App'x 569 (9th Cir. 2009); *United States* v. *Scott-Emuakpor*, 2000 WL 288443 (W.D. Mich. 2000). To the extent you have contrary authority, please provide it.

Although the Government is not required to disclose the substance of the anticipated testimony of Messrs. Greenwood and Scichilone, we provide the following as a courtesy. Mr. Scichilone is expected to testify that he imaged Mr. Smyth's laptop and about the forensic image created therefrom. Mr. Greenwood is expected to testify that certain documents were present on Mr. Smyth's computer.

Page 4

   If, as, and when, Messrs. Greenwood and/or Scichilone prepare reports of their examinations, the Government will produce them.

        Very truly yours,

        JOON H. KIM
        Acting United States Attorney

    By: /s/
        Damian Williams
        Andrea M. Griswold
        Joshua A. Naftalis
        Assistant United States Attorneys
        (212) 637-2298/1205/2310