

RANDALL W. JACKSON
Tel.: (212) 303-3650
E-mail: rjackson@bsfllp.com

December 18, 2017

**BY ECF AND HAND**
Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Kaleil Isaza Tuzman, et al.*, 15 Cr. 536(PGG)

Dear Judge Gardephe:

    This brief letter is respectfully submitted to further preview an anticipated issue for the charge conference. The Government has not yet responded to our two prior letters addressing deficiencies in the proof and issues with the anticipated instructions regarding the use of interstate wires. We write to note additionally that, while the Government's general venue request, Government's Request No. 35, is accurate as a general matter, in a case involving these types of charges of wire fraud and wire fraud conspiracy, particularly given the uncertainty regarding what wires the Government alleges were sent in furtherance of the conspiracy, additional instructions are necessary.

    Specifically, the jury should be instructed that: "with regard to Counts One, Two, and Five the substantive wire fraud count and the wire fraud conspiracy counts, in order to establish venue, the Government must prove two things: (1) first, that an interstate wire transmission was either sent in furtherance of the conspiracy or that the use of the interstate wire was contemplated or reasonably foreseeable; and (2) that the wire transmission at issue was orchestrated, originated, passed through, or was received in the Southern District of New York." *See United States v. Pace*, 314 F.3d 344, 349 (9th Cir. 2002) (vacating wire fraud conviction and observing that "the nature of a wire fraud offense—the 'gist and crux' of the offense—is the misuse of wires . . . . Therefore, venue is established in those locations where the wire transmission at issue originated, passed through, or was received, or from which it was orchestrated. In other words, venue may lie only where there is a direct or causal connection to the misuse of wires"); *see United States v. Ramirez*, 420 F.3d 134, 144 (2d Cir. 2005) (vacating mail fraud conviction and observing that "[b]ecause the scheme to defraud was devised at Ramirez's office in Manhattan and Vitug mailed the LCA form to the U.S. DOL in Manhattan, the government contends that the latter conduct was part of the charged offense and not preparatory to it. We disagree . . . . While a scheme to defraud is certainly one of three essential elements of mail fraud, it is not an essential *conduct* element.") (emphasis in original). In *Ramirez*, the Second Circuit stated "we hold that venue for mail fraud is limited to where "the defendant 'places,' 'deposits,' 'causes to be deposited,'



'takes,' or 'receives' mail, or 'knowingly causes' mail 'to be delivered.'" *See id.* at 146. The Court further observed that "[u]nless this limitation were respected, a defendant who devised a scheme to defraud while driving across the country could be prosecuted in virtually any venue through which he passed"). *See id.* at 145.

The jury should also be specifically instructed that "venue is not proper in a district in which the only acts performed by the defendant were preparatory to the offense and not part of the offense. Thus you may not conclude that the Government has met its burden of demonstrating an act in furtherance of the crime charged, including any wire transmissions, on the basis of act that predated the time period of the charged substantive crime or alleged conspiracy." *See United States v. Perlitz*, 728 F.Supp.2d 46, 58 (D. Conn. 2010) (granting motion to dismiss in prosecution for travelling in interstate commerce to engage in illegal sexual activity with a minor for lack of venue in District of Connecticut, and quoting *Ramirez* for the concept that "venue is not proper in a district in which the only acts performed by the defendant were preparatory to the offense and not part of the offense.").

In sum, the Government's proposed instructions on venue are incorrect as to the wire fraud charges. We submit that the charge should reflect the language we have discussed above. We appreciate the Court's consideration.

Respectfully submitted,

 /s/  Randall W. Jackson<br>
Randall W. Jackson

CC: All parties