

BOIES
SCHILLER
FLEXNER

RANDALL W. JACKSON
Tel.:  (212) 303-3650
E-mail:  rjackson@bsfllp.com

May 10, 2018

**BY ECF**
Hon. Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

>  Re:  *United States v. Kaleil Isaza Tuzman, et al.*, 15 Cr. 536(PGG)

Dear Judge Gardephe:

This letter is respectfully submitted on behalf of defendant Omar Amanat to alert the Court to new authority relevant to the pending Rule 29 and 33 motions. *Cf.* Fed. R. App. Proc. 28(j). On May 3, 2018, the Second Circuit issued an opinion in *United States v. Litvak*, No. 17-1464-cr, --- F.3d. ----, 2018 WL 2049677 at *10 (2d Cir. May 3, 2018), vacating the defendant's conviction for securities fraud. The Second Circuit held that it was reversible error for the Government to introduce evidence that had the potential to mislead the jury as to the nature of the agency relationship between the defendant and the purported victims. *See id.* at *9-*13. The court rejected the idea that the admission of the subjective but incorrect view of a witness than an agency relationship existed could be permissible. *Id.*

Importantly, the Second Circuit held that the error was not cured either by the fact that the district court had accurately instructed the jury that there was no agency relationship or the fact that the Government in summation disclaimed the relevance of the testimony that the witness believed Litvak was the victim's agent. *See id.* at *9 ("[t]he district court instructed the jury that Litvak was not Invesco's agent. Indeed, the government argued in summation that the agency issue was a 'red herring' and that it had never claimed that Litvak was Invesco's agent").

Here, of course, the Government did not disclaim but rather argued in the rebuttal summation that Amanat literally owned Maiden Capital, which of course was not true, but irreparably damaged the jury's ability to appropriately assess Amanat's culpability in the context of the appropriate legal relationship between Amanat and the Maiden Capital investors. The Government's comments impermissibly altered the jury's understanding of the duties owed to Maiden Capital investors and the legal significance of various representations made throughout the time period of the charged conspiracy. Because these arguments came directly from the Government and during the rebuttal summations, the error here was substantially more problematic than the error in *Litvak*.

We appreciate the Court's consideration.

>  Respectfully submitted,
>
>  _/s/  Randall W. Jackson_____
>  Randall W. Jackson

**cc: All parties**