

45 West 29th Street, Suite 303
New York, New York 10001
chaudhrylaw.com

December 18, 2019

**VIA ECF**
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Irfan Amanat*, 15 Cr. 536 (PGG)

Dear Judge Gardephe:

    As the Court is aware, we represent defendant Irfan Amanat in the above-referenced matter.  We are writing now for two reasons.  First, to inform the Court regarding what we anticipate will be further requests and motions upon behalf of Mr. Amanat.  Second, to seek the Court's guidance regarding how the defense should proceed.

    After we were retained in this matter and performed an initial review of information which had been provided by the Government, we filed a letter outlining our proposals on August 15, 2019 (ECF Dkt No. 1020). After attempting but failing to reach an agreement with the Government as to discovery, we filed a motion for post-trial discovery on November 15, 2019 (ECF Dkt. No. 1040).  Today, we filed our Reply Memorandum in response to the Government's opposition to Mr. Amanat's post-trial motion for discovery (ECF Dkt No. 1051).

    From the outset, the defense's intention in seeking the requested discovery has been twofold.  First, we believe that the evidence provides a sufficient factual basis for filing a motion to dismiss because the Government has violated Mr. Amanat's constitutional rights and committed prosecutorial misconduct.  The defense plans to file a motion to dismiss and request bail for Mr. Amanat regardless of the ruling of this Court on the pending discovery motion, Second, the defense believes that the Government is in possession of impeachment evidence, in the form of *Giglio* and *Brady* material, that we are entitled to use in both our motion to dismiss and any possible *Fatico* hearing prior to Mr. Amanat's sentencing.

    At this point, the Government has provided some, but not all, of the discovery requested by the defense. As outlined in our Reply, the defense is still requesting information and documents which the Government has not supplied.  Regardless of whether the Court orders the Government to provide the additional discovery, the defense is still seeking an evidentiary hearing on our discovery motion.  However, since we also plan to file a motion to dismiss and request an evidentiary hearing on that motion, the Court may want to consolidate the two evidentiary hearings because there is considerable overlap in the witnesses and evidence that

SETH J. ZUCKERMAN        SZUCKERMAN@CHAUDHRYLAW.COM        212.785.5558

would be presented.  If the Court is amenable, we would propose conducting the evidentiary hearing prior to the filing of the motion to dismiss so that a complete factual background is available to the parties in briefing the motion to dismiss.

The witnesses we would seek to call on both the discovery motion and the motion to dismiss include, *inter alia*, Spyros Enotiades, FBI Special Agents Julie Amato and Edward Rom (Enotiades' FBI handler), and Mr. Enotiades' DEA handler(s) from the time of Mr. Enotiades involvement with the Amanats—whose identity the Government has refused to provide.

The defense wanted to make the Court aware of our intentions prior to its ruling on the discovery motions and our request for an evidentiary hearing.  The defense respectfully requests guidance on how the Court would prefer to proceed.

Thank you very much for your attention to this matter.

Respectfully submitted,

Seth J. Zuckerman

Cc: All counsel of record (via ECF)