

45 West 29th Street, Suite 303
New York, New York 10001
chaudhrylaw.com

May 6, 2020

**VIA ECF**
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Irfan Amanat*, 15 Cr. 536 (PGG)

Dear Judge Gardephe:

    As the Court is aware, we represent defendant Irfan Amanat in the above-referenced matter. We write to respectfully request that the Court schedule the *Fatico* and sentencing hearings in Mr. Amanat's matter as soon as possible.

    Given the Court's denial of Mr. Amanat's emergency application for bail filed March 17, 2020 (ECF No. 1062), Mr. Amanat now faces interminable detention at the Metropolitan Detention Center ("MDC"). As laid out in our numerous letters urging this Court to release Mr. Amanat on bail, the COVID-19 pandemic—especially under the grim and unsanitary conditions at the MDC—presents a real and substantial risk to Mr. Amanat's health due to his preexisting heart condition and diabetes. While it is true that the Bureau of Prisons may have already released Mr. Amanat in the face of COVID-19 had he been sentenced, he remains trapped in the MDC—without even the possibility of transfer to a safer facility—until this Court sentences him.

    To be clear, Mr. Amanat has been put in the untenable position of choosing between his health (and maybe his life) and his due process legal rights. This is no real choice at all; a man shall always choose life over liberty.

    Therefore, though Mr. Amanat still believes that the profound legal issues he has raised before this Court seriously undermine his conviction, at this time we request that this Court set an expedited date for Mr. Amanat's *Fatico* hearing and sentencing hearing.

*Procedural history*[1]

    In October 2018, Mr. Amanat was convicted by a jury and remanded by this Court upon an application by the Government. Prior counsel for Mr. Amanat filed Rule 29 and 33 motions, and joined

---

[1] The docket is replete with a full record of the motions, requests, and litigation on these issues. Most of these are unresolved at this time, as we have been awaiting rulings from the Court.

PRIYA CHAUDHRY        PRIYA@CHAUDHRYLAW.COM        212.785.5551

in other motions filed by co-defendant's counsel. These motions pertain to substantial issues, including but not limited to whether there was an interstate wire during the charged time period and whether venue is proper in the Southern District of New York.

In July 2019, Mr. Amanat retained this firm as new counsel. At the time, he awaited sentence. Before the *Fatico* hearing was conducted, we discovered and identified several issues regarding a government agent, Spyros Enotiades, and in August 2019, we notified the Court and Government of our intention to seek discovery and a hearing to fully expose these legal issues. As a result of these new developments, Mr. Amanat requested various relief, including additional discovery and an evidentiary hearing (see ECF No. 1020, 1039, 1040, 1041, 1051, and 1052), and our intention was to file a motion to dismiss. Our belief was—and is—that upon obtaining all necessary discovery and then holding a hearing in which we would cross-examine Mr. Enotiades, we would establish facts that demonstrate the violation of Mr. Amanat's constitutional rights and fundamentally disturb the foundation of Mr. Amanat's conviction.

Though litigating these critical issues necessarily prolonged the sentencing date here, we believe we could not be effective in our representation of Mr. Amanat if we did not fully explore, expose, and litigate these deeply troubling facts. It was our hope to receive the requested discovery as quickly as possible, hold the hearing immediately after, and then resolve these issues by the end of 2019. However, the Government resisted providing all of the requested discovery and in November 2019, we were left with no choice but to file a motion. Six months later—while Mr. Amanat remains in MDC— we still have not received a decision on this motion seeking additional discovery prior to a hearing. Similarly, the Rule 29 and 33 motions remain outstanding.

While we awaited the Court's ruling on our myriad discovery requests, the COVID-19 pandemic struck the world, throwing unforeseen and endless delays in all court proceedings, including this one. Had this Court granted Mr. Amanat's emergency bail motions, he fully would have completed the litigation on all the outstanding issues so that the record in this matter would have been complete; then this Court could have ruled on his motions with the benefit of knowing all of the necessary facts.

Instead, Mr. Amanat now requests to proceed with the *Fatico* hearing as soon as possible so that he can be sentenced at the earliest possible date, and thus be transferred from the COVID-ridden MDC.

*Conclusion*

For the above-stated reasons, as well as those cited in our previous filings, we respectfully request the Court to set Mr. Amanat's *Fatico* and sentencing hearing as soon as possible.

Thank you very much for your attention to this matter.

Very truly yours,

Priya Chaudhry

Cc: All counsel of record (via ECF)